KATHERINE A. ALBERTS, ESQ. (SBN 212825)
**LEONE ALBERTS & DUUS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA 94520-7913
Telephone:    (925) 974-8600
Facsimile:    (925) 974-8601
Email: kalberts@leonealberts.com

Attorneys for Defendant
WINTERS JOINT UNIFIED SCHOOL DISTRICT

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, a minor, by and through JANE DOE 2, her Guardian ad Litem, | **Case No.:** |
| Plaintiff, | |
| vs. | **DECLARATION OF KATHERINE A. ALBERTS IN SUPPORT OF DEFENDANT WINTERS JOINT UNIFIED SCHOOL DISTRICT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION); DEMAND FOR JURY TRIAL** |
| WINTERS JOINT UNIFIED SCHOOL DISTRICT; E.G., a person lacking legal capacity, by and through Alejandra Jimenez and Rosario Garcia, his conservators; E.G., an individual; ALEJANDRA JIMENEZ, an individual; ROSARIO GARCIA, an individual, and DOES 1-100, | |
| Defendants. | **Complaint Filed: January 15, 2025** Trial Date: Not Yet Set |

Make a Reservation _
Alameda eCourt Publi

4

I, Katherine A. Alberts, declare as follows:

1.      I am an attorney at law licensed to practice before this Court. I am an attorney and Partner with the law firm of Leone Alberts & Duus, attorneys of record for Defendant Winters Joint Unified School District. I am familiar with the facts, pleadings, and records in this action, and if called upon to testify I would competently testify to the following.

2.      On or about January 15, 2025, Plaintiff Jane Doe 1, a minor by and through her guardian ad litem, Jane Doe 2 ("Plaintiff"), commenced an action in the Superior Court of the State of California, County of Yolo, Case No. ("State Court Action"). A copy of the complaint is attached to the Notice of Removal contemporaneously filed herewith as Exhibit A ("Complaint").

3.      Defendant Winters Joint Unified School District ("WJUSD") was served with the Complaint via personal service on January 20, 2025. A copy of the proof of service is not available to the public because the case is filed under seal.

4.      Defendant WJUSD filed an answer to the Complaint in the State Court Action, on February 13, 2025. A copy of the answer is attached to the notice of removal contemporaneously filed herewith as Exhibit B.

5.      Defendants E.G, a person lacking legal capacity, by and through Alejandra Jimenez and Rosario Garcia, his conservators; E.G., an individual; ALEJANDRA JIMENEZ, an individual; ROSARIO GARCIA, an individual have not yet appeared in this matter.

6.      This litigation is a civil action of which this Court has original jurisdiction under title, 28 United States Code sections 1331 and 1343; and is one which may be removed to this Court by Defendants pursuant to the provisions of title 28, United States Code section 1441, subdivision (a). Such removal is proper given the Complaint seeks relief under title 42, United States Code section 1983, for alleged violations of Title IX of the Educational Amendments of 1972.

7.      The Complaint also alleges state law claims arising out of the same case or controversy that may be heard by this Court under a grant of supplemental jurisdiction pursuant to title 28, United States Court section 1367, subdivision (a).

8.    Attached to this declaration as Exhibit C are copies of the documents in the court file in the State Court Action, including a table identifying those documents.

_____
KATHERINE A. ALBERTS, ESQ.

DECLARATION OF KATHERINE A. ALBERTS IN SUPPORT OF          Case No.
DEFENDANTS WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT
AND CONTRA COSTA COUNTY OFFICE OF EDUCATION'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

# EXHIBIT A

1  JAKE PILLARD, SBN 333995
   LAW OFFICE OF JACOB PILLARD
2  823 NORTH STREET
   WOODLAND, CA 95695
3  Telephone: 530-405-9128
   Facsimile: 530-666-5530
4  Email: jakepillard@gmail.com

5  WENDY CASAS, SBN 235921
   LAW OFFICE OF WENDY CASAS
6  823 NORTH STREET
   WOODLAND, CA  95695
7  Telephone: 530-723-5117
   Facsimile: 530-665-8161
8  Email: wrcasas@woodlandlawoffice.com

9  FRANK J. CRUM, SBN 155125
   THE LAW OFFICE OF FRANK J. CRUM
10 A PROFESSIONAL CORPORATION
   23898 County Road 103
11 WOODLAND, CA 95776
   Telephone: 530-668-1515
12 Facsimile: 530-668-1651
   E-mail: frank@fjclegal.com
13
   Attorneys for Plaintiff, Jane Doe 1, a minor
14
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
15                         COUNTY OF YOLO
   JANE DOE 1 a minor, by and through JANE    **Case No.:**   CV2025-0129
16 DOE 2, her Guardian ad Litem,

17              Plaintiff,                    **COMPLAINT FOR DAMAGES;**

18              vs.                           **DEMAND FOR A JURY TRIAL**

19 WINTERS JOINT UNIFIED SCHOOL
   DISTRICT; *E.G.*                    ., a
20 person lacking legal capacity, by and through
   Alejandra Jimenez and Rosario Garcia, his
21 conservators; *E.G.*                    ., an
   individual; ALEJANDRA JIMENEZ, an
22 individual; ROSARIO GARCIA, an individual
   and DOES 1-100,
23
                Defendants

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 1/6/2025 11:43 AM
By: L. Mendoza, Deputy

1    Jane Doe 1 ("Plaintiff"), by and through her Guardian Ad Litem Jane Doe 2, alleges

2   against Winters Joint Unified School District ("District"),        *E.G.*        ("Garcia"), a

3   person lacking legal capacity by and through Alejandra Jimenez and Rosario Garcia, his

4   conservators,        *E.G.*        , individually, Alejandra Jimenez, individually, Rosario

5   Garcia, individually and Does 1-100 (collectively, the "Defendants") the following:

6                    **VENUE, JURISDICTION, AND PARTIES**

7   1.  This Court has jurisdiction over the Defendants as they are local entities or residents within

8       the State of California.

9   2.  Venue is proper in this Court because:

10      a)  The District is a public entity located in Yolo County, California, at all relevant times.

11      b)  *E.G.*   is a person with a limited conservatorship residing in Yolo County, California, at

12          all relevant times. His conservators, Alejandra Jimenez and Rosario Garcia, are also

13          residents of Yolo County, California at all relevant times.

14  3.  Additionally, the injuries alleged by Plaintiff in the causes of action mentioned herein

15      occurred in Yolo County, California.

16  4.  The damages sought in this matter exceed the Court's minimum jurisdictional limits and

17      will be established according to proof at trial.

18  5.  Plaintiff, Jane Doe 1, a minor, brings this action through her Guardian Ad Litem, Jane Doe

19      2, a competent adult. Plaintiff has been a resident of Yolo County, California, at all relevant

20      times.

21  6.  The true names and capacities, whether individual, corporate, associate, or otherwise, of

22      Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues

23

**COMPLAINT FOR DAMAGES**
2

1   such defendants under fictitious names. Plaintiff will amend this complaint to show their

2   true names and capacities when they are ascertained.

3   7.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants

4   DOES 1 through 100, inclusive, is responsible under law in some manner - whether

5   intentionally, negligently, in warranty, strictly, or otherwise - for the events and occurrences

6   herein described, thereby proximately causing injuries and damages to Plaintiff as alleged.

7   8.  Based on information and belief, Plaintiff alleges that at all times mentioned in this

8   complaint, the District and DOES 1 through 100 were the agents and employees of their co-

9   defendants and, in performing the acts alleged herein, were acting within the course and

10  scope of that agency and employment. This gives rise to liability pursuant to § 815.2 of the

11  California Government Code for liability against public entities.

12  9.  On August 1, 2024, Plaintiff submitted an application for leave to present a late claim, along

13  with the claim itself, to the District pursuant to California Government Code § 911.4.

14  10. On September 5, 2024, the District granted the application for the late claim but denied the

15  claim.

16  11. Plaintiff brings this action within six months of the claim's denial, as permitted under

17  Government Code § 945.6.

18                          **GENERAL ALLEGATIONS**

19  12.  Plaintiff, Jane Doe 1, a minor, enrolled as a freshman at Winters High School in August

20  2023.

21  13. Shortly after her enrollment, Plaintiff was subjected to sexual harassment, sexual assault,

22  and inappropriate behavior by          ₁ *E.G.*          ₁ *E.G.*          , a developmentally disabled

23  senior student.

14. *E.G.*  's conduct included inappropriate touching, sexual assault, threats, and intimidation, creating a hostile and unsafe school environment for Plaintiff.

15. The District, and/or its employees, failed to address *E.G.*  's behavior adequately, despite being aware of *E.G.*  's disabilities and history of behavioral issues.

16. On or about September 8, 2023, while on a school bus, *E.G.*  inappropriately touched Plaintiff's thigh after unstrapping her leg brace and then attempting to put his hand under her skirt and into her undergarments.

17. The District, and/or its employees, failed to adequately supervise students on the school bus adequately, allowing the incident to occur.

18. On or about September 26, 2023, *E.G.*  cornered Plaintiff near the bathrooms at the Winter's High School Ag site, and threatened Plaintiff with a knife.

19. On that occasion, *E.G.*  exploited an unmonitored area near the bathrooms, obscured by a vending machine and janitor's closet. In this hidden space, the lobby to the bathroom, he cornered Plaintiff, threatened her with a knife, and sexually assaulted her.

20. *E.G.*  subsequently sexually assaulted Plaintiff in a school bathroom, underscoring both a lack of appropriate supervision and existence of an unsafe condition.

21. There was another instance whereby *E.G.*  slapped the Plaintiff on the buttock and, on a separate occasion, spat on her.

22. The District, and/or its employees, failed to address this dangerous condition by monitoring the bathroom lobby or relocating the vending machine, despite its foreseeable risks.

23. The District, and/or its employees, failed to properly supervise *E.G.*  and other students, creating a dangerous environment that enabled his harmful behavior.

24. Plaintiff experienced severe emotional trauma, affecting her academic performance and mental health. She struggled with anxiety, isolation, and nightmares, impacting her daily life and relationships. Eventually, Jane Doe 1 left school completely with her family attempting homeschooling.

25. Based on information and belief, despite awareness of *E.G.* 's behavior such as the September 8, 2023, incident, District employee Vice Principal Dawn Strange, failed to act promptly to protect Plaintiff or report the incidents to law enforcement, neglecting their responsibility to maintain a safe school setting or opening a title IX investigation.

26. Based on information and belief, the District and its employees failed to adequately develop and properly monitor *E.G.* 's Individualized Education Program (IEP) and Behavior Intervention Plan (BIP), which significantly increased the risk he posed to other students, including Plaintiff.

27. As a direct result of these incidents and the District's or its employees' or agents' negligence, Plaintiff suffered physical and emotional harm, which has disrupted her education, social life, and overall well-being. She now requires ongoing psychological treatment and faces continuing emotional distress with lasting consequences.

28. The District, its employees, and Does 1-100 owed Plaintiff a duty of care to provide a safe educational environment, properly supervise students, maintain public property in a safe condition, and take reasonable precautions to prevent foreseeable harms.

29. The District, its employees, and Does 1-100 are liable under California Government Code § 815.2 for the negligence of their employees acting within the scope of their employment.

1    30. The District, its employees, and Does 1-100 are liable under California Government Code §

2    835 for creating or allowing a dangerous condition of public property that caused the

3    plaintiff's injuries.

4    31. The District, and/or its employees, and Does 1-100, breached their duty of care through the

5    following acts or omissions, among others:

6    a) Negligent supervision of *E.G.*    , a known threat to other students;

7    b) Negligent hiring, training, and supervision of staff responsible for monitoring and

8    addressing student behavior;

9    c) Negligent maintenance of public property, including allowing a vending machine to

10    block visibility near the bathrooms, creating a dangerous condition;

11    d) Failure to develop, implement, and monitor an appropriate Individualized Education

12    Program (IEP) or Behavior Intervention Plan (BIP) for *E.G.*    ;

13    Failure to act as mandated by law, including failing to report incidents of harassment and

14    assault to appropriate authorities such as law enforcement.

15    e) Failure to comply with statutory and regulatory duties to protect students from harm.

16    32. As a direct and proximate result of the District's negligence, Plaintiff suffered and/or will

17    continue to suffer physical, emotional, and psychological injuries, including but not limited

18    to physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical

19    impairment, grief, anxiety, humiliation, emotional distress, and academic struggles.

20    33. Garcia has conservators who were negligent in their supervision. This conservatorship was

21    limited per the Order Appointing Probate Conservator dated June 23, 2023. Therefore, it is

22    proper to also bring suit against *E.G.*    as an individual as well.

23

**FIRST CAUSE OF ACTION**
**(Negligence - Breach of Duty Under California Government Code § 815.2 – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

34. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

35. The District and/or its employees owed Plaintiff a duty of care to ensure her safety as a student enrolled at Winters High School.

36. This duty included maintaining a safe educational environment, adequately supervising students, and taking reasonable steps to prevent foreseeable harm to Plaintiff.

37. The District and/or its employees breached this duty by failing to supervise *E.G.* adequately and protect the Plaintiff, despite his known behavioral issues, developmental disability, and history of inappropriate conduct.

38. The District and/or its employees further breached their duty by failing to address *E.G.* 's repeated harassment of Plaintiff, including inappropriate physical contact and sexually inappropriate gestures.

39. The District and/or its employees negligently failed to take reasonable steps to protect Plaintiff by not properly monitoring the school bus and leaving *E.G.* unsupervised near the Ag Site bathrooms, where *E.G.* was able to assault Plaintiff.

40. Furthermore, the District and/or its employees negligently failed to protect Plaintiff and discipline *E.G.* despite knowledge of prior incidents, including *E.G.* bringing a knife to school and potentially threatening another student, which later culminated in the assault on Plaintiff.

41. As a direct and proximate result of the negligence of District employees, Plaintiff suffered physical injuries, severe emotional distress, and psychological trauma.

42. Plaintiff's injuries have impacted her academic performance, social interactions, and her physical and mental health.

43. Pursuant to California Government Code § 815.2, the District is vicariously liable for the negligence of their employees acting within the scope of their employment.

## SECOND CAUSE OF ACTION
### (Negligence Failure to Report as Mandated by Law – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)

44. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

45. The District and/or its employees, had a mandatory duty under California Penal Code §§ 11164 -11174.3 to report suspected child abuse, including sexual harassment, assault, and other inappropriate conduct.

46. The District and/or its employees became aware of *E.G.* 's harassment, inappropriate touching, and threatening behavior, including but not limited to:

   a) *E.G.* pushed, hit, and spat on the Plaintiff.

   b) *E.G.* was generally threatening to the Plaintiff.

   c) The September 8, 2023, incident on the school bus, during which *E.G.* touched Plaintiff inappropriately leg and undergarments.

   d) *E.G.* slapped the Plaintiff's buttock while walking past the Plaintiff.

47. Despite knowledge of the aforementioned incident, the District and/or its employees failed to report these incidents to law enforcement or appropriate authorities, as required under California Penal Code §§ 11164 -11174.3.

48. Pursuant to California Government Code § 815.6, the District is liable for their failure to discharge this mandatory duty imposed by law.

49. Mandatory reporting is a ministerial duty, not a discretionary one, so immunity does not exist under Government Code § 820.2.

50. Pursuant to California Government Code § 815.2, the District is vicariously liable for the negligence of their employees acting within the scope of their employment.

51. As a direct and proximate result of the District and/or its employees failure to report, Plaintiff's recovery was hindered, her trauma was prolonged and she did promptly receive the assistance she needed, and *E.G.* was allowed to continue his harmful behavior unchecked, causing additional harm to Plaintiff.

### THIRD CAUSE OF ACTION
**(Premises Liability – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

52. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

53. At all relevant times, The District, operated, and controlled the premises of Winters High School, including the Ag Site bathroom area.

54. Pursuant to California Government Code § 835, the District is liable for injuries caused by a dangerous condition on public property if:

a) The property was in a dangerous condition at the time of the injury;

b) The dangerous condition created a reasonably foreseeable risk of the type of injury that occurred; and

c) The public entity had actual or constructive notice of the dangerous condition in sufficient time to take measures to protect against it.

55. The placement of a vending machine near the entrance to the Ag Site bathroom created a dangerous condition by obstructing visibility, allowing individuals to trap others in an isolated and unsupervised area.

56. This lack of visibility created a foreseeable and substantial risk of harm, particularly given the history of harassment and general inappropriate conduct from *E.G.* and the close vicinity of the bathrooms.

57. On or about September 26, 2023, this dangerous condition directly facilitated *E.G.* 's assault of Plaintiff by enabling him to trap her in the bathroom without detection. The vending machine's placement prevented school staff and other students from seeing the assault or intervening to protect Plaintiff.

58. The District knew or should have known that the placement of the vending machine created a significant blind spot, especially in front of the bathroom, thereby increasing the risk of harassment, assault, and other harmful conduct in the area.

59. Despite this foreseeable risk, the District failed to take reasonable measures to address the dangerous condition, including:

   a)  Relocating the vending machine to a location that did not obstruct visibility;

   b)  Installing cameras, mirrors, or other monitoring tools to enhance surveillance of the area;

   c)  Monitoring students with a sign out sheet to leave class to use the bathroom;

   d)  Limiting the number of students to use the bathroom during class time;

   e)  Limiting the time students were allowed to be absent from the class room to use the bathroom during class time; and

   f)  Implementing regular staff supervision near the bathrooms to reduce the risk of harm.

1    60. The District's failure to address this dangerous condition directly and proximately caused

2        the harm suffered by Plaintiff, including her assault by *E.G.*       .

3    61. As a result of this dangerous condition, Plaintiff suffered physical injuries, emotional

4        distress, and psychological trauma.

5    62. Pursuant to California Government Code § 835, the District is liable for the injuries caused

6        by the dangerous condition on their property.

7                                    **FOURTH CAUSE OF ACTION**
     **(Title IX Violations – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified**
8                            **School District, and Does 1-100)**

9    63. Plaintiff refers to and incorporates by reference each and every allegation contained in the

10        preceding paragraphs of this Complaint.

11   64. The District and/or its employees, violated Title IX, 20 U.S.C. § 1681, by failing to respond

12        appropriately to Plaintiff's reports of sexual harassment and assault, thereby creating a

13        hostile educational environment.

14   65. Based on information and belief District employee, Vice Principal Dawn Strange had notice

15        of the September 8, 2023, incident and showed deliberate indifference by not pursing a Title

16        IX investigation through the appropriate channels.

17   66. Based on information and belief a District employee may have seen *E.G.*       slap the buttock

18        of the Plaintiff and showed deliberate indifference by not pursing a Title IX investigation

19        through the appropriate channels.

20   67. Despite being aware of *E.G.*       's repeated harassment and assault of Plaintiff, the District

21        and/or its employees, acted with deliberate indifference by:

22        a)  Failing to promptly investigate or take corrective action after the incidents on September

23            8, 2023, and prior incidents of harassment such verbal abuse and inappropriate touching.

1     b)  Neglecting to implement safeguards to protect Plaintiff from further harm, despite the

2       foreseeable risk posed by *E.G.*

3  68. The District and/or its employees, deliberate indifference to Plaintiff's safety and wellbeing

4     deprived her of equal access to educational opportunities, as guaranteed under Title IX.

5  69. As a direct and proximate result of District's and/or its employee's violations of Title IX,

6     Plaintiff suffered physical harm, severe emotional distress, and psychological trauma, which

7     have hindered her ability to fully participate in her education.

8  **FIFTH CAUSE OF ACTION**
**(Negligence California Education Code Violations – Plaintiff Jane Doe 1 Against**

9  **Defendants Winters Joint Unified School District, and Does 1-100)**

10  70. Plaintiff refers to and incorporates by reference each and every allegation contained in the

11     preceding paragraphs of this Complaint.

12  71. The District and/or its employees had a mandatory duty under the California Education

13     Code to ensure the safety and security of students, including Plaintiff.

14  72. These duties included, but were not limited to:

15     a)  Education Code § 44807: Requiring the District and/or its employees to exercise proper

16       supervision of students to ensure their safety and prevent harm.

17     b)  Education Code § 32282: Mandating the development and implementation of a

18       comprehensive school safety plan to protect students from foreseeable risks.

19     c)  Education Code § 32261: Requiring the District and/or its employees to maintain a safe,

20       secure, and peaceful school environment for all students.

21  73. The District and/or its employees breached these statutory duties by:

22     a)  Failing to adequately supervise *E.G.* despite his known behavioral issues, disability,

23       and history of harassment and inappropriate conduct.

     b)  Failing to implement or enforce a comprehensive school safety plan that addressed the risks posed by *E.G.*'s behavior, including his access to unauthorized areas and possession of a knife.

     c)  Allowing *E.G.* to create a hostile and unsafe environment, culminating in incidents such as the September 8, 2023, inappropriate touching on the school bus, and the September 26, 2023, sexual assault in the bathroom near the Ag Site.

74. As a result of the District and/or its employees failure to comply with their statutory duties, Plaintiff suffered harm, including harassment, physical pain, emotional trauma, and psychological distress.

75. Pursuant to California Government Code § 815.6, the District is liable for their failure to discharge their mandatory duties under the California Education Code.

76. The District and/or its employees breaches were a substantial factor in causing Plaintiff's injuries, including physical harm, severe emotional distress, and disruption of her academic and social development.

**SIXITH CAUSE OF ACTION**
**(Negligent Retention of *E.G.* as a Student - Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

77. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

78. At all relevant times, the District and/or its employees had a duty to protect students, including Plaintiff, by maintaining a safe educational environment and ensuring the safety and supervision of all students on campus.

79. This duty included identifying and appropriately managing students who posed a known risk to the safety and well-being of others.

80. *E.G.*   was a developmentally disabled senior student with a documented history of behavioral issues, including but not limited to harassment, physical aggression, and inappropriate conduct toward other students.

81. Despite knowledge of *E.G.*   's behavioral history and the foreseeable risk he posed, the District and/or its employees negligently retained *E.G.*   as a student at Winters High School without implementing adequate safeguards to protect Plaintiff and other students.

82. District and/or its employees failure to address *E.G.*   's behavioral issues included, but was not limited to:

a) Allowing *E.G.*   unsupervised access to areas where he could harm other students, including the school bus and the Ag Site bathrooms.

b) Failing to implement, monitor, or enforce an Individualized Education Program (IEP) or Behavior Intervention Plan (BIP) tailored to mitigate *E.G.*   's behavioral risks.

c) Neglecting to assign *E.G.*   to a specialized education setting or provide him with a full-time aide for supervision, despite the severity of his developmental disability and behavioral history.

83. Education Code § 32261 requires schools to develop and implement policies that promote a safe and secure school environment, including addressing behaviors that pose risks to student safety.

84. Education Code § 32282 mandates the creation and enforcement of comprehensive school safety plans designed to prevent harassment, violence, and other harmful conduct.

85. The District and/or its employees failed to comply with these statutory duties by retaining *E.G.*   as a student at Winters High School without taking reasonable steps to ensure the safety of Plaintiff and other students.

86. The District and/or its employees knew or should have known that retaining Garcia without adequate safeguards created a foreseeable risk of harm to Plaintiff and other students.

87. As a direct and proximate result of the District and/or its employees negligent retention of Garcia, Plaintiff suffered physical injuries, severe emotional distress, and ongoing psychological trauma.

88. Pursuant to California Government Code § 815.2, the District and Does 1-100 are vicariously liable for the negligence of their employees acting within the scope of their employment.

**SEVENTH CAUSE OF ACTION**
**(Negligence Failure to Provide Mandated Educational Supports – Plaintiff Jane Doe 1**
**Against Defendants Winters Joint Unified School District, and Does 1-100)**

89. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

90. At all relevant times, the District and/or its employees had a statutory duty under California Education Code §§ 56040-56043; 56345; 56520; 56521.1; 56302, related code sections, and the Individuals with Disabilities Education Act (IDEA) to identify, assess, and provide appropriate educational supports to students with disabilities, including the creation and implementation of an Individualized Education Program (IEP) and Behavior Intervention Plan (BIP) where necessary.

91. Garcia, a senior student at Winters High School, had known developmental disabilities, and a documented history of behavioral issues that posed a significant risk to the safety and well-being of other students.

92. Based on information and belief despite these known issues the District and/or its employees failed to:

a) Conduct adequate assessments to determine the need for an IEP or BIP or have adequate procedures in place to develop them for the needs of *E.G.* ;

b) Create an IEP or BIP to address *E.G.* 's behavioral issues;

c) Implement any safeguards or accommodations to mitigate the risks posed by *E.G.* 's behavior.

d) Comply with the educational code requirements for an IEP or BIP.

93. The statutory requirements for IEPs and BIPs exist to protect both students with disabilities and the broader student population from foreseeable harm caused by unaddressed behavioral challenges.

94. Districts failure to comply with these statutory duties directly contributed to the harm suffered by Plaintiff, including *E.G.* 's harassment and sexual assault, which were foreseeable consequences of the District's inaction.

95. As a direct and proximate result of Districts' failure and Does 1-100 to fulfill their statutory duties under the Education Code and IDEA, Plaintiff suffered physical injuries, emotional distress, and psychological trauma.

96. Pursuant to California Government Code § 815.6, the District and Does 1-100, are liable for their failure to discharge their mandatory duties under California Education Code §§ 56040-56043; 56345; 56520; 56521.1; 56302 and other related educational codes.

**EIGHTH CAUSE OF ACTION**
**(Violation of Constitutional Rights Under 42 U.S.C. § 1983 – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

97. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

1   98. At all relevant times, the District and/or its employees, acted under color of state law within

2       the meaning of 42 U.S.C. § 1983.

3   99. Plaintiff had a constitutional right to bodily integrity, safety, and equal protection under the

4       law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

5   100.    The District and/or its employees, acted with deliberate indifference to Plaintiff's

6       constitutional rights by failing to respond appropriately to *E.G.*    's harassment and assault,

7       despite:

8       a)   Repeated reports of *E.G.*    's inappropriate behavior and escalating threats.

9       b)  The foreseeable risk posed by *E.G.*    's unsupervised presence in sensitive areas such as

10          the Ag Site bathrooms.

11      c)  Their knowledge of *E.G.*    's history of behavioral issues, including harassment, physical

12          aggression, and possession of a weapon.

13  101.    Upon information and belief, the District and/or its employees maintained a policy,

14      practice, or custom of deliberate indifference to reports of harassment, assault, and unsafe

15      behavior on campus, which included:

16      a)  Failing to adequately train employees to respond to reports of harassment and assault.

17      b)  Failing to investigate or take corrective action in response to known threats or incidents

18          involving students like *E.G.*   .

19      c)  Ignoring or downplaying student complaints regarding harassment or unsafe conditions

20          on school property.

21  102.    This policy, practice, or custom created a hostile and unsafe environment, depriving

22      Plaintiff of her constitutional right to bodily integrity and equal access to education under

23      the Equal Protection Clause of the Fourteenth Amendment.

1    103.    Specifically, the District and/or its employees failed to:

2        a)  Investigate or address the incidents on or about September 8, 2023.

3        b)  Investigate or address  incidents on or about September 26, 2023, involving *E.G.*    's

4            harassment and assault of Plaintiff.

5        c)  Investigate or address prior incidents of abuse by *E.G.*    towards the Plaintiff such as

6            slapping her buttocks, spitting on her, and so forth.

7        d)  Implement or enforce policies to safeguard Plaintiff and other students from foreseeable

8            harm.

9        e)  Notify law enforcement or take action to mitigate the risks posed by *E.G.*    's continued

10           presence on campus.

11   104.    District and/or its employees deliberate indifference and the policy, practice, or custom

12   of ignoring harassment and safety concerns were substantial factors in causing Plaintiff's

13   injuries.

14   105.    As a direct and proximate result of and/or its employees' actions and omissions, Plaintiff

15   suffered physical harm, severe emotional distress, and ongoing psychological trauma.

16   106.    Pursuant to 42 U.S.C. § 1983, Plaintiff seeks all available remedies, including

17   compensatory damages for her injuries, attorneys' fees under 42 U.S.C. § 1988, and any

18   other relief the Court deems just and proper.

19                        **NINTH CAUSE OF ACTION**
         **(Violation of California Civil Code § 52.1 [Bane Act] – Plaintiff Jane Doe 1 Against**
20            **Defendants Winters Joint Unified School District, and Does 1-100)**

21   107.    Plaintiff refers to and incorporates by reference each and every allegation contained in

22   the preceding paragraphs of this Complaint.

23

---

**COMPLAINT FOR DAMAGES**
18

108.    Under California Civil Code § 52.1, also known as the Bane Act, Plaintiff has the right to be free from interference with her constitutional and statutory rights through threats, intimidation, or coercion.

109.    Plaintiff's constitutional and statutory rights include:

a)  The right to bodily integrity and personal safety under Article I, Section 1 of the California Constitution;

b)  The right to equal access to educational opportunities under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; and

c)  The right to a safe and secure educational environment under California Education Code §§ 32261 and 32282 and other related Education Codes.

110.    The District and/or its employees interfered with Plaintiff's rights through their deliberate indifference to *E.G.*'s harassment, intimidation, and assaultive behavior, which they knew or should have known created an environment of fear, coercion, and vulnerability.

111.    Specifically, the District and/or its employees acted with deliberate indifference by:

a)  Failing to address the on or about September 8, 2023, incident, during which *E.G.* inappropriately touched Plaintiff on the school bus;

b)  Failing to address incidents in which *E.G.* slapped Plaintiff's buttock, physically intimidated her, and, on another occasion, spat on her;

c)  Allowing the on or about September 26, 2023, incident where *E.G.* brandished a knife and sexually assaulted Plaintiff in the Ag Site bathroom to occur;

d)  Permitting *E.G.*'s continued presence on campus without appropriate supervision, despite his known history of inappropriate and threatening behavior;

e) Failing to implement safety measures or take corrective action to prevent further harm to Plaintiff; and

f) Failing to implement safety measures, such as additional supervision, relocation of the vending machine blocking visibility near the bathroom, or regular staff monitoring, to protect Plaintiff from further harm;

g) Failing to notify law enforcement or commence a Title IX investigation in response to the incidents involving *E.G.*.

112. The District and/or its employees deliberate indifference enabled *E.G.* 's coercive and threatening behavior to persist, creating a hostile educational environment that interfered with Plaintiff's constitutional and statutory rights.

113. Upon information and belief, District and/or its employees maintained a policy, practice, or custom of ignoring or inadequately addressing harassment, threats, and assault within the school environment, including repeated failures to:

a) Report incidents of harassment or assault to law enforcement;

b) Investigate Title IX complaints or create a Title IX-compliant environment; and

c) Provide training or enforce protocols to ensure student safety and prevent harm.

114. The District and/or its employees inaction and enabling of *E.G.* 's behavior shows deliberate indifference resulting in coercive outcomes that deprived the Plaintiff of her statutory and constitutional rights and protections.

115. The District and/or its employees' failures also caused additional coercive outcomes, including fear, distress, and vulnerability, depriving Plaintiff of the full enjoyment of her educational and personal rights.

116.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injuries, severe emotional distress, fear for her safety, and a loss of trust in her educational environment.

117.    Pursuant to California Civil Code § 52.1(b), Plaintiff seeks statutory damages, compensatory damages, attorneys' fees, and any other relief the Court deems just and proper.

**TENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

118.    Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

119.    The District and/or its employees owed Plaintiff a duty of care as a student under their supervision to protect her from foreseeable harm.

120.    The District and/or its employees breached this duty by negligently failing to:

a)    Monitor *E.G.*    adequately, despite his known history of harassment, aggression, and inappropriate conduct;

b)    Respond to and address the incidents of harassment and assault reported on or about September 8, 2023, and September 26, 2023, through appropriate channels, including law enforcement and mandatory reporting obligations; and

c)    Implement adequate safety measures, such as enhanced supervision, timely investigations, and intervention protocols, to prevent foreseeable harm to Plaintiff and other students.

121.    The District and/or its employees knew or should have known that their inaction and lack of supervision would foreseeably result in severe emotional distress to Plaintiff,

1    particularly given *E.G.*   's behavioral history and the prior incidents of harassment and

2    aggression.

3    122.    As a direct and proximate result of the District and/or its employees' negligence,

4    Plaintiff suffered severe emotional distress, including but not limited to anxiety, nightmares,

5    fear for her safety, and difficulty concentrating in school.

6    123.    Plaintiff's emotional injuries have significantly disrupted her academic performance,

7    social interactions, and overall well-being, necessitating ongoing psychological treatment.

8    124.    Pursuant to California Government Code § 815.2, the District is vicariously liable for the

9    negligence of its employees acting within the scope of their employment.

10                          **ELEVENTH CAUSE OF ACTION**
       **(Negligence Failure to Train – Plaintiff Jane Doe 1 Against Defendants Winters Joint**
11                   **Unified School District, and Does 1-100)**

12    125.    Plaintiff refers to and incorporates by reference each and every allegation contained in

13    the preceding paragraphs of this Complaint.

14    126.    At all relevant times, the District and/or its employees, had a duty to adequately train

15    their employees, staff, and agents to:

16    a)  Respond appropriately to reports of harassment, assault, and unsafe behavior;

17    b)  Supervise students effectively to prevent foreseeable harm;

18    c)  Implement and enforce safety protocols and policies;

19    d)  Comply with Title IX obligations to address and remediate a hostile educational

20        environment; and

21    e)  Fulfill mandatory reporting obligations under California Penal Code §§ 11164-11174.3.

22    127.    The District and/or its employees' breached this duty by failing to provide sufficient

23    training to their employees and staff, including but not limited to:

a) Training on recognizing and addressing harassment and assault;

b) Training on monitoring areas where students congregate, such as the Ag Site bathrooms and school buses; and

c) Training on mandatory reporting requirements under California law.

128. The failure to adequately train employees resulted in deliberate indifference to the safety and wellbeing of students, including Plaintiff.

129. Specifically, the District and/or its employees' failure to train allowed *E.G.* 's harassment, inappropriate touching, and threatening conduct to escalate, culminating in Plaintiff's assault on or about September 26, 2023.

130. The District and/or its employees' lack of training contributed to the creation and perpetuation of a hostile educational environment, depriving Plaintiff of equal access to educational opportunities in violation of Title IX and California Education Code obligations.

131. As a direct and proximate result of District's failure to train their employees, Plaintiff suffered physical harm, severe emotional distress, and ongoing psychological trauma.

132. Pursuant to California Government Code § 815.2, the District is vicariously liable for the negligence of their employees acting within the scope of their employment.

**TWELFTH CAUSE OF ACTION**
**(Negligent Supervision – Plaintiff Jane Doe 1 Against Defendants Alejandra Jimenez, Rosario Garcia and Does 1-100)**

133. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

134.    Defendants Alejandra Jimenez and Rosario Garcia were appointed as conservators of

     *E.G.*    in Case Number PR2023-0080 via letters of conservatorship signed by Judge

     Rosenberg of Yolo County on June 23, 2023.

135.    As conservators, Defendants Alejandra Jimenez and Rosario Garcia had legal duties

     under California Probate Code § 2351(a), including the care, custody, and control of Garcia.

136.    Defendants Alejandra Jimenez and Rosario Garcia breached their duties by failing to

     adequately supervise *E.G.*   and prevent him from engaging in the following conduct and

     omissions:

    a) Bringing a knife onto school property, which he used to threaten the Plaintiff by

       cornering her in the bathroom;

    b) Collaborating with the District to develop a Behavioral Intervention Plan (BIP) or

       Individualized Education Plan (IEP) for Garcia;

    c) Ensuring *E.G.*   attended a school that could meet his needs in a manner that prevented

       him from posing a threat to others.

137.    Defendants Alejandra Jimenez and Rosario Garcia knew or should have known of

     *E.G.*   's propensity to engage in harmful conduct, based on prior incidents and behavioral

     patterns, including but not limited to:

    a) Habitually wandering to unauthorized locations, such as unsupervised areas of the

       school campus;

    b) Making inappropriate sexualized statements and gestures to females;

    c) Habitually carrying a knife onto school property and other inappropriate locations,

       posing a danger to students, including Plaintiff;

138.    Defendants Alejandra Jimenez and Rosario Garcia had prior knowledge of *E.G.* 's behavioral issues, yet failed to take reasonable steps to mitigate the risk he posed to others, including Plaintiff.

139.    Defendants Alejandra Jimenez and Rosario Garcia breach of their legal duty to supervise *E.G.* was a substantial factor in causing harm to Plaintiff.

140.    As a direct and proximate result of Defendants Alejandra Jimenez and Rosario Garcia negligence, Plaintiff suffered physical, emotional, and psychological injuries, including but not limited to sexual assault, emotional distress, and trauma.

## THIRTEENTH CAUSE OF ACTION
**(Sexual Battery (California Civil Code section 1708.5) – Plaintiff Jane Doe 1 Against Defendant Esteban Arias Garcia, a Conserved Person, by and through his Conservators, Alejandra Jimenez and Rosario Garcia and also Defendant** *E.G.* **, as an individual)**

141.    Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

142.    On or about September 8, 2023, while Plaintiff was on a school bus traveling to the Ag Site, *E.G.* placed his hand on Plaintiff's knee and moved his hand up her skirt, touching her private body parts over her underwear without her consent.

143.    On or about September 26, 2023, *E.G.* cornered Plaintiff in the bathroom at the Ag Site, used a knife to threaten her, and sexually assaulted her.

144.    *E.G.* conduct was intentional and done for purposes of sexual arousal, gratification, or abuse.

145.    *E.G.* 's actions were unwelcome, offensive, and a violation of Plaintiff's bodily autonomy.

146.    As a direct and proximate result of *E.G.*    's intentional and egregious conduct, Plaintiff has suffered physical, emotional, and psychological injuries, including but not limited to PTSD, anxiety, and depression, for which Plaintiff seeks general and special damages, punitive damages, attorney's fees, and such further relief as the Court deems just and proper.

**FOURTEENTH CAUSE OF ACTION**
**(Battery (California Civil Code section 1708) – Plaintiff Jane Doe 1 Against Defendant** *E.G.*                    **, a Conserved Person, by and through his Conservators, Alejandra Jimenez and Rosario Garcia and also Defendant** *E.G.*                  **, as an individual)**

147.    Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

148.    *E.G.*    intentionally made harmful or offensive contact with Plaintiff, including but not limited to slapping her buttocks, rubbing her knee, placing his hand on her private body parts over her underwear, and physically restraining her in the bathroom where he ultimately sexually assaulted her at knife point.

149.    These actions occurred on or about September 8, 2023, and on or about September 26, 2023.

150.    *E.G.*    's conduct was deliberate and done with the intent to harm, offend, and violate Plaintiff's bodily integrity.

151.    Plaintiff did not consent to any of *E.G.*    's actions. Such conduct would offend a reasonable person's sense of dignity and personal safety. This terrible assault physically, emotionally, psychologically, and socially harmed Jane Doe 1.

152.    As a direct and proximate result of Defendant's actions, Plaintiff suffered damages, including but not limited to severe emotional distress, humiliation, anxiety, and ongoing

1  psychological trauma, requiring therapeutic intervention and impacting her overall well-

2  being.

3  ### FIFTEENTH CAUSE OF ACTION
4  **(Assault – Plaintiff Jane Doe 1 Against Defendant** *E.G.* **, a Conserved**
   **Person, by and through his Conservators, Alejandra Jimenez and Rosario Garcia and also**
   **Defendant** *E.G.* **, as an individual)**

5

6  153.    Plaintiff refers to and incorporates by reference each and every allegation contained in

7       the preceding paragraphs of this Complaint.

8  154.    On or about September 8, 2023, *E.G.* intentionally rubbed Plaintiff's knee and moved

9       his hand up her skirt to touch her private body parts, causing her to fear for her safety.

10  155.    On or about September 26, 2023, *E.G.* intentionally cornered Plaintiff in the bathroom

11       at the Ag Site while holding a knife, threatening her and preventing her escape.

12  156.    *E.G.* 's actions created a reasonable and immediate apprehension of harmful or

13       offensive contact in Plaintiff.

14  157.    Plaintiff reasonably feared for her physical safety and bodily integrity as a direct result

15       of *E.G.* 's actions.

16  158.    As a direct and proximate result of *E.G.* 's conduct, Plaintiff suffered severe emotional

17       distress, psychological trauma, and ongoing fear and anxiety.

18  ### SIXTEENTH CAUSE OF ACTION
   **(False Imprisonment – Plaintiff Jane Doe 1 Against Defendant** *E.G.* **, a**
   **Conserved Person, by and through his Conservators, Alejandra Jimenez and Rosario**
19  **Garcia and also Defendant** *E.G.* **, as an individual)**

20  159.    Plaintiff refers to and incorporates by reference each and every allegation contained in

21       the preceding paragraphs of this Complaint.

22

23

160.    On or about September 26, 2023, *E.G.* unlawfully restrained Plaintiff by cornering her in the bathroom at the Ag Site, brandishing a knife, and refusing to let her leave where he ultimately sexually assaulted her.

161.    *E.G.* 's actions were intentional and without Plaintiff's consent or lawful justification.

162.    Plaintiff reasonably feared for her safety and was unable to escape the situation due to Garcia's actions.

163.    As a direct and proximate result of *E.G.* 's false imprisonment, Plaintiff suffered emotional distress, fear, and trauma.

### SEVENTEENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress – Plaintiff Jane Doe 1 Against Defendant *E.G.*, a Conserved Person, by and through his Conservators, Alejandra Jimenez and Rosario Garcia and also Defendant *E.G.*, as an individual)**

164.    Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

165.    *E.G.* engaged in extreme and outrageous conduct, including but not limited to:

a)    On or about September 8, 2023, making inappropriate sexual comments and gestures, touching Plaintiff inappropriately on the school bus, and sexually assaulting her.

b)    On or about September 26, 2023, cornering Plaintiff in the bathroom with a knife, threatening her, and committing sexual assault.

166.    acted intentionally to cause severe emotional distress to Plaintiff.

167.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, including chronic anxiety, persistent fear for her safety, nightmares, and sleep disturbances that disrupted her ability to rest. Plaintiff also experienced difficulty concentrating in school, leading to a decline in academic performance, as well as feelings of

1  humiliation, shame, and emotional isolation from her peers. Furthermore, Plaintiff has

2  required and continues to require ongoing psychological counseling and treatment to address

3  trauma related symptoms and restore her mental health.

4  **EIGHTEENTH CAUSE OF ACTION**
   **(Negligent Infliction of Emotional Distress – Plaintiff Jane Doe 1 Against Defendant**
5  *E.G.*        **, a Conserved Person, by and through his Conservators, Alejandra**
   **Jimenez and Rosario Garcia and also Defendant**        *E.G.*        **, as an individual)**
6
7  168.    Plaintiff refers to and incorporates by reference each and every allegation contained in

   the preceding paragraphs of this Complaint.
8
9  169.    Defendant       acted negligently by engaging in behavior that he knew or should have

   known would cause Plaintiff emotional distress, including but not limited to inappropriate
10
11  touching, sexual harassment, and threatening behavior on or about September 8, 2023, and

12  September 26, 2023.

13  170.    *E.G.*    's actions directly and proximately caused Plaintiff to suffer severe emotional

   distress.
14
15  171.    Plaintiff's distress manifested in ongoing anxiety, difficulty sleeping, fear of attending

16  school, and challenges in maintaining her academic performance.

17  **NINETEENTH CAUSE OF ACTION**
   **(Gender Violence – Plaintiff Jane Doe 1 Against Defendant** *E.G.*        **, a**
   **Conserved Person, by and through his Conservators, Alejandra Jimenez and Rosario**
18  **Garcia and also Defendant**        *E.G.*        **, as an individual)**

19  172.    Plaintiff refers to and incorporates by reference each and every allegation contained in

20  the preceding paragraphs of this Complaint.

21  173.    *E.G.*                intentionally and willfully committed acts of physical violence and

22  sexual aggression against Plaintiff on or about September 8, 2023, and September 26, 2023,

23

1    then there was a separate occasion whereby *E.G.* slapped the Plaintiff's buttock; all these

2    incidents were motivated in part by Plaintiff's gender.

3    174.   Defendant's actions, including sexual harassment, inappropriate touching, and physical

4    assault, were acts of gender violence as defined under California Civil Code § 52.4.

5    175.   Defendant's conduct was committed for the purpose of sexual gratification, humiliation,

6    or domination, and constituted a form of violence motivated by Plaintiff's gender.

7    176.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe

8    emotional and psychological harm, including anxiety, depression, nightmares, academic

9    disruption, and trauma related to her gender identity and safety as a young female student.

10                                        **PRAYER**

11   Plaintiffs demand judgment for:

12   a)   General damages/noneconomic damages, including compensation for physical pain,

13        emotional distress, and psychological trauma, in a sum according to proof against all

14        defendants;

15   b)   Special damages/economic losses, including but not limited to, medical expenses,

16        counseling costs, loss of educational opportunities, and any other incidental expenses,

17        according to proof against all defendants;

18   c)   Statutory damages as provided by law, including under California Civil Code § 52.1 and

19        any other applicable statutes;

20   d)   Attorneys' fees pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, and any

21        other applicable statutes according to proof against the District;

22

23

1

e) Attorneys' fees pursuant to California Civil Code § 52.4 according to proof against

2

*E.G.*   , a conserved person, by and through his conservators, Alejandra Jimenez and

3

Rosario Garcia, and also Defendant       ｜ *E.G.*        , as an individual;

4

f) Punitive damages against *E.G.*   , a conserved person, by and through his conservators,

5

Alejandra Jimenez and Rosario Garcia, and also Defendant        ｜ *E.G.* ｜        , as an

6

individual, in an amount sufficient to punish Defendant and deter such egregious and

7

wrongful conduct in the future, as permitted by California Civil Code § 3294;

8

g) Costs of suit; and

9

h) For such other and further relief as the court may deem just and proper.

10

**JURY DEMAND**

Plaintiff Jane Doe 1, by and through her Guardian Ad Litem Jane Doe 2, hereby demands

11

trial by jury in this action.

12

13

DATED: January **6**____, 2025

By: *Jake Pillard*
_____
JAKE PILLARD
Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

EXHIBIT B

**[Exempt from payment of filing fees**
**(Government Code § 6103)]**

1  KATHERINE A. ALBERTS, ESQ. (SBN 212825)
2  **LEONE ALBERTS & DUUS**
   A Professional Corporation
3  1390 Willow Pass Road, Suite 700
   Concord, CA 94520-7913
4  Telephone:    (925) 974-8600
   Facsimile:    (925) 974-8601
5  Email: kalberts@leonealberts.com

6
7  Attorneys for Defendant
   WINTERS JOINT UNIFIED SCHOOL DISTRICT

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 2/13/2025 10:20 PM
By: A Sullivan, Deputy

8                SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF YOLO

10

11 JANE DOE 1, a minor, by and through JANE      Case No.: CV2025-0129
   DOE 2, her Guardian ad Litem,
12
               Plaintiff,
13
14         vs.
15 WINTERS JOINT UNIFIED SCHOOL            **DEFENDANT WINTERS JOINT**
   DISTRICT; *E.G.*                , a    **UNIFIED SCHOOL DISTRICT'S**
16 person lacking legal capacity, by and through **ANSWER TO COMPLAINT**
   Alejandra Jimenez and Rosario Garcia, his
17 conservators; *E.G.*                , an
   individual; ALEJANDRA JIMENEZ, an
18 individual; ROSARIO GARCIA, an individual,
   and DOES 1-100,                          Complaint Filed: January 15, 2025
19                                          Trial Date: Not Yet Set
20             Defendants.
21

22        COMES NOW Defendant WINTERS JOINT UNIFIED SCHOOL DISTRICT, and for its

23 answer to the Complaint of Plaintiff JANE DOE 1, by and through her Guardian ad Litem, JANE

24 DOE 2, admits, denies and alleges as follows:

25                        **GENERAL DENIAL**

26        Under the provisions of Section 431.30(d) of the California Code of Civil Procedure,

27 this answering Defendant generally and specifically denies each and every allegation contained

28 in said Complaint.

4

**AFFIRMATIVE DEFENSES**

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that neither the complaint nor any of the alleged causes of action therein state facts sufficient to constitute a cause of action against this answering Defendant.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that said damages complained of were proximately contributed to or caused by the carelessness, negligence, fault or conduct of *E.G.*                                    , and/or other persons, <u>not including the Plaintiff herein,</u> corporations or business entities, unknown to this answering Defendant at this time, and were not caused in any way by this answering Defendant, or by persons for whom this answering Defendant is legally liable.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiff failed to mitigate her alleged damages as required by law.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiff failed to comply with the claim provisions of the California Government Code with respect to the timely presentation of a Government Code Claim. Further, Plaintiff's claim, if submitted, differs materially from the allegations contained within the complaint, and as such, said claims not referenced in the Government Code Claim are barred.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that it is immune under the California Government Code with respect to the causes of action set forth in the complaint, in particular, the discretionary immunity provisions contained in Government Code §§ 818.8, 820.2, 822.2 and 815.2(b), as well as those immunities set forth in the California Education Code, including but not limited to Education Code §44808. Specifically, to the extent Plaintiff's claims are based on allegations that this answering Defendant, or its employees

adopted or failed to adopt policies, procedures, rules, regulations, or take any other action involving a policy decision vested in a particular employee or employees, including, but not limited to the hiring or firing of employees, imposing (or failing to impose) discipline on employees or students, and/or decisions regarding the educational placement, program, and services for *E.G.*                    or any other student, the claims are barred by discretionary immunity under Government Code § 820.2.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that each and every cause of action contained within Plaintiff's complaint is barred by the applicable statute of limitations under California law, including, but not limited to, CCP §§ 335.1, 340.1.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that at all times referenced in the complaint Defendant acted in a good faith belief its actions were reasonable under the circumstances and did not violate Plaintiff's rights, and, therefore, this answering Defendant and/or its agents and employees acting within the course and scope of their employment are entitled to absolute and/or qualified immunity. Government Code §§ 820.2 and 821.6.

AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiff's complaint and all actions stated therein are barred by laches and estoppel.

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiff's cause of action for violation of the Fourteenth Amendment pursuant to 42 U.S.C. §1983 is barred by qualified immunity and Eleventh Amendment immunity.

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the intentional tortious and/or criminal conduct of others, including but not limited to *E.G.*

/ / /

1  *E.G.*                , was an independent, intervening, and superseding cause of Plaintiff's alleged

2  damages, which bars recovery against this answering Defendant.

3      AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

4  PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant has insufficient

5  knowledge or information on which to form a belief as to whether it may have additional, as yet

6  unstated, defenses available and reserves the right to assert additional defenses in the event

7  discovery indicates that they would be appropriate.

8                                **PRAYER**

9      **WHEREFORE**, this answering Defendant prays that Plaintiff takes nothing by her

10 complaint and that this answering Defendant be dismissed with its costs of suit incurred herein

11 and for such other and further relief as the Court deems fit and proper.

12

13

14 Dated: February 13, 2025                    **LEONE ALBERTS & DUUS, APC**

15

16                                            KATHERINE A. ALBERTS, ESQ.

17                                            Attorney for Defendant
                                             WINTERS JOINT UNIFIED SCHOOL

18                                            DISTRICT

---

7

DEFENDANT WINTERS JOINT UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT

Re:    **Jane Doe v. Winters Joint Unified School District, et al.**
       **Yolo County Superior Court Case No.:  CV2025-0129**

## PROOF OF SERVICE

I, the undersigned, declare that I am employed in the City of Concord, State of California. I am over the age of 18 years and not a party to the within cause; my business address is 1390 Willow Pass Road, Suite 700, Concord, California.

On February 13, 2025, I served the following documents:

**DEFENDANT WINTERS UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT**

on the following interested party(s) in said cause:

**COUNSEL FOR PLAINTIFF**
Jake Pillard, Esq.
Law Office of Jacob Pillard
823 North Street
Woodland, CA 95695
Tel: (530) 405-9128
Email: jakepillard@gmail.com

**COUNSEL FOR PLAINTIFF**
Wendy Casas, Esq,
Law Office Of Wendy Casas
823 North Street
Woodland, CA 95695
Tel: (530) 723-5117
Email: wrcasas@woodlandlawoffice.com

**COUNSEL FOR PLAINTIFF**
Frank J. Crum, Esq.
The Law Office of Frank J. Crum
A Professional Corporation
23898 County Road 103
Woodland, CA 95776
Tel: (530) 668-1515
Email: frank@fjclegal.com

**VIA MAIL - CCP §§ 1013(a), 2015.5**

☐    By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above and placing each for collection and mailing on that date following ordinary business practices.  I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Concord, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐    By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Concord, California.

8

PROOF OF SERVICE

**VIA OVERNIGHT MAIL/COURIER - CCP §§ 1031(c), 2015.5**

☐     By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service, or overnight courier service.  I am readily familiar with my firm's business practice of collection and processing of correspondence/documents for overnight mail or overnight courier service, and that it is to be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**VIA FACSIMILE - CCP §§ 1013(e), CRC 2008**

☐     By arranging for facsimile transmission from facsimile number 925-974-8601 to the above listed facsimile number(s) prior to 5:00 p.m.  I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted via facsimile to the designated numbers in the ordinary course of business.  The facsimile transmission(s) was reported as complete and without error.

**VIA ELECTRONIC MAIL TRANSMISSION - CCP §1010.6**

☒     By electronic transmission via email to the authorized electronic service address(es) listed above.

**VIA HAND-DELIVERY - CCP §§ 1011, 2015.5**

☐     By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day by D&T SERVICES in the ordinary course of my firm's business practice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 13, 2025, at Concord, California.

_____
KATHERINE ALEXANDER

9

EXHIBIT C

## **EXHIBIT D**

The court file in the State Court Action includes the following documents:

| # | File | Date | Filed By: |
|---|------|------|-----------|
| D:1 | Complaint Filed | 1/06/2025 | Plaintiff |
| D:2 | Summons Issued | 1/15/2025 | Plaintiff |
| D:3 | Civil Case Cover Sheet | 1/06/2025 | Plaintiff |
| D:4 | Answer to Complaint | 2/13/25 | Defendant |
| D:5 | Notice of Case Management Conference | 1/06/2025 | Plaintiff |
| D:6 | Notice of ADR | 1/15/25 | Plaintiff |
| D:7 | Notice of No Documents Due to Seal | 2/14/25 | Court |

EXHIBIT C1

1  JAKE PILLARD, SBN 333995
   LAW OFFICE OF JACOB PILLARD
2  823 NORTH STREET
   WOODLAND, CA 95695
3  Telephone: 530-405-9128
   Facsimile: 530-666-5530
4  Email: jakepillard@gmail.com

5  WENDY CASAS, SBN 235921
   LAW OFFICE OF WENDY CASAS
6  823 NORTH STREET
   WOODLAND, CA  95695
7  Telephone: 530-723-5117
   Facsimile: 530-665-8161
8  Email: wrcasas@woodlandlawoffice.com

9  FRANK J. CRUM, SBN 155125
   THE LAW OFFICE OF FRANK J. CRUM
10 A PROFESSIONAL CORPORATION
   23898 County Road 103
11 WOODLAND, CA 95776
   Telephone: 530-668-1515
12 Facsimile: 530-668-1651
   E-mail: frank@fjclegal.com
13
   Attorneys for Plaintiff, Jane Doe 1, a minor
14
                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
15                            COUNTY OF YOLO
   JANE DOE 1 a minor, by and through JANE     **Case No.:**  CV2025-0129
16 DOE 2, her Guardian ad Litem,
                                               **COMPLAINT FOR DAMAGES;**
17          Plaintiff,
                                               **DEMAND FOR A JURY TRIAL**
18          vs.

19 WINTERS JOINT UNIFIED SCHOOL
   DISTRICT; *E.G.*                ., a
20 person lacking legal capacity, by and through
   Alejandra Jimenez and Rosario Garcia, his
21 conservators; *E.G.*                ., an
   individual; ALEJANDRA JIMENEZ, an
22 individual; ROSARIO GARCIA, an individual
   and DOES 1-100,
23
            Defendants

                              **COMPLAINT FOR DAMAGES**
                                        1

1    Jane Doe 1 ("Plaintiff"), by and through her Guardian Ad Litem Jane Doe 2, alleges

2    against Winters Joint Unified School District ("District"),        *E.G.*        ("Garcia"), a

3    person lacking legal capacity by and through Alejandra Jimenez and Rosario Garcia, his

4    conservators,        *E.G.*        , individually, Alejandra Jimenez, individually, Rosario

5    Garcia, individually and Does 1-100 (collectively, the "Defendants") the following:

6    **VENUE, JURISDICTION, AND PARTIES**

7    1.   This Court has jurisdiction over the Defendants as they are local entities or residents within

8         the State of California.

9    2.   Venue is proper in this Court because:

10        a)   The District is a public entity located in Yolo County, California, at all relevant times.

11        b)   *E.G.*   is a person with a limited conservatorship residing in Yolo County, California, at

12             all relevant times. His conservators, Alejandra Jimenez and Rosario Garcia, are also

13             residents of Yolo County, California at all relevant times.

14   3.   Additionally, the injuries alleged by Plaintiff in the causes of action mentioned herein

15        occurred in Yolo County, California.

16   4.   The damages sought in this matter exceed the Court's minimum jurisdictional limits and

17        will be established according to proof at trial.

18   5.   Plaintiff, Jane Doe 1, a minor, brings this action through her Guardian Ad Litem, Jane Doe

19        2, a competent adult. Plaintiff has been a resident of Yolo County, California, at all relevant

20        times.

21   6.   The true names and capacities, whether individual, corporate, associate, or otherwise, of

22        Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues

23

1    such defendants under fictitious names. Plaintiff will amend this complaint to show their

2    true names and capacities when they are ascertained.

3    7.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants

4        DOES 1 through 100, inclusive, is responsible under law in some manner - whether

5        intentionally, negligently, in warranty, strictly, or otherwise - for the events and occurrences

6        herein described, thereby proximately causing injuries and damages to Plaintiff as alleged.

7    8.  Based on information and belief, Plaintiff alleges that at all times mentioned in this

8        complaint, the District and DOES 1 through 100 were the agents and employees of their co-

9        defendants and, in performing the acts alleged herein, were acting within the course and

10       scope of that agency and employment. This gives rise to liability pursuant to § 815.2 of the

11       California Government Code for liability against public entities.

12   9.  On August 1, 2024, Plaintiff submitted an application for leave to present a late claim, along

13       with the claim itself, to the District pursuant to California Government Code § 911.4.

14   10. On September 5, 2024, the District granted the application for the late claim but denied the

15       claim.

16   11. Plaintiff brings this action within six months of the claim's denial, as permitted under

17       Government Code § 945.6.

18                          **GENERAL ALLEGATIONS**

19   12.  Plaintiff, Jane Doe 1, a minor, enrolled as a freshman at Winters High School in August

20        2023.

21   13. Shortly after her enrollment, Plaintiff was subjected to sexual harassment, sexual assault,

22       and inappropriate behavior by           ₁ *E.G.*        ₁ *E.G.*        , a developmentally disabled

23       senior student.

---

**COMPLAINT FOR DAMAGES**
3

14. *E.G.* 's conduct included inappropriate touching, sexual assault, threats, and intimidation, creating a hostile and unsafe school environment for Plaintiff.

15. The District, and/or its employees, failed to address *E.G.* 's behavior adequately, despite being aware of *E.G.* 's disabilities and history of behavioral issues.

16. On or about September 8, 2023, while on a school bus, *E.G.* inappropriately touched Plaintiff's thigh after unstrapping her leg brace and then attempting to put his hand under her skirt and into her undergarments.

17. The District, and/or its employees, failed to adequately supervise students on the school bus adequately, allowing the incident to occur.

18. On or about September 26, 2023, *E.G.* cornered Plaintiff near the bathrooms at the Winter's High School Ag site, and threatened Plaintiff with a knife.

19. On that occasion, *E.G.* exploited an unmonitored area near the bathrooms, obscured by a vending machine and janitor's closet. In this hidden space, the lobby to the bathroom, he cornered Plaintiff, threatened her with a knife, and sexually assaulted her.

20. *E.G.* subsequently sexually assaulted Plaintiff in a school bathroom, underscoring both a lack of appropriate supervision and existence of an unsafe condition.

21. There was another instance whereby *E.G.* slapped the Plaintiff on the buttock and, on a separate occasion, spat on her.

22. The District, and/or its employees, failed to address this dangerous condition by monitoring the bathroom lobby or relocating the vending machine, despite its foreseeable risks.

23. The District, and/or its employees, failed to properly supervise *E.G.* and other students, creating a dangerous environment that enabled his harmful behavior.

24. Plaintiff experienced severe emotional trauma, affecting her academic performance and mental health. She struggled with anxiety, isolation, and nightmares, impacting her daily life and relationships. Eventually, Jane Doe 1 left school completely with her family attempting homeschooling.

25. Based on information and belief, despite awareness of *E.G.*'s behavior such as the September 8, 2023, incident, District employee Vice Principal Dawn Strange, failed to act promptly to protect Plaintiff or report the incidents to law enforcement, neglecting their responsibility to maintain a safe school setting or opening a title IX investigation.

26. Based on information and belief, the District and its employees failed to adequately develop and properly monitor *E.G.*'s Individualized Education Program (IEP) and Behavior Intervention Plan (BIP), which significantly increased the risk he posed to other students, including Plaintiff.

27. As a direct result of these incidents and the District's or its employees' or agents' negligence, Plaintiff suffered physical and emotional harm, which has disrupted her education, social life, and overall well-being. She now requires ongoing psychological treatment and faces continuing emotional distress with lasting consequences.

28. The District, its employees, and Does 1-100 owed Plaintiff a duty of care to provide a safe educational environment, properly supervise students, maintain public property in a safe condition, and take reasonable precautions to prevent foreseeable harms.

29. The District, its employees, and Does 1-100 are liable under California Government Code § 815.2 for the negligence of their employees acting within the scope of their employment.

1    30. The District, its employees, and Does 1-100 are liable under California Government Code §

2        835 for creating or allowing a dangerous condition of public property that caused the

3        plaintiff's injuries.

4    31. The District, and/or its employees, and Does 1-100, breached their duty of care through the

5        following acts or omissions, among others:

6        a)  Negligent supervision of *E.G.*   , a known threat to other students;

7        b)  Negligent hiring, training, and supervision of staff responsible for monitoring and

8           addressing student behavior;

9        c)  Negligent maintenance of public property, including allowing a vending machine to

10          block visibility near the bathrooms, creating a dangerous condition;

11       d)  Failure to develop, implement, and monitor an appropriate Individualized Education

12          Program (IEP) or Behavior Intervention Plan (BIP) for *E.G.* ;

13          Failure to act as mandated by law, including failing to report incidents of harassment and

14          assault to appropriate authorities such as law enforcement.

15       e)  Failure to comply with statutory and regulatory duties to protect students from harm.

16   32. As a direct and proximate result of the District's negligence, Plaintiff suffered and/or will

17       continue to suffer physical, emotional, and psychological injuries, including but not limited

18       to physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical

19       impairment, grief, anxiety, humiliation, emotional distress, and academic struggles.

20   33. Garcia has conservators who were negligent in their supervision. This conservatorship was

21       limited per the Order Appointing Probate Conservator dated June 23, 2023. Therefore, it is

22       proper to also bring suit against *E.G.* as an individual as well.

23

## FIRST CAUSE OF ACTION

**(Negligence - Breach of Duty Under California Government Code § 815.2 – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

34. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

35. The District and/or its employees owed Plaintiff a duty of care to ensure her safety as a student enrolled at Winters High School.

36. This duty included maintaining a safe educational environment, adequately supervising students, and taking reasonable steps to prevent foreseeable harm to Plaintiff.

37. The District and/or its employees breached this duty by failing to supervise *E.G.* adequately and protect the Plaintiff, despite his known behavioral issues, developmental disability, and history of inappropriate conduct.

38. The District and/or its employees further breached their duty by failing to address *E.G.* 's repeated harassment of Plaintiff, including inappropriate physical contact and sexually inappropriate gestures.

39. The District and/or its employees negligently failed to take reasonable steps to protect Plaintiff by not properly monitoring the school bus and leaving *E.G.* unsupervised near the Ag Site bathrooms, where *E.G.* was able to assault Plaintiff.

40. Furthermore, the District and/or its employees negligently failed to protect Plaintiff and discipline *E.G.* despite knowledge of prior incidents, including *E.G.* bringing a knife to school and potentially threatening another student, which later culminated in the assault on Plaintiff.

41. As a direct and proximate result of the negligence of District employees, Plaintiff suffered physical injuries, severe emotional distress, and psychological trauma.

42. Plaintiff's injuries have impacted her academic performance, social interactions, and her physical and mental health.

43. Pursuant to California Government Code § 815.2, the District is vicariously liable for the negligence of their employees acting within the scope of their employment.

## SECOND CAUSE OF ACTION
**(Negligence Failure to Report as Mandated by Law – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

44. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

45. The District and/or its employees, had a mandatory duty under California Penal Code §§ 11164 -11174.3 to report suspected child abuse, including sexual harassment, assault, and other inappropriate conduct.

46. The District and/or its employees became aware of *E.G.* 's harassment, inappropriate touching, and threatening behavior, including but not limited to:

   a)  *E.G.*    pushed, hit, and spat on the Plaintiff.

   b)  *E.G.*   was generally threatening to the Plaintiff.

   c)  The September 8, 2023, incident on the school bus, during which *E.G.*    touched Plaintiff inappropriately leg and undergarments.

   d)  *E.G.*    slapped the Plaintiff's buttock while walking past the Plaintiff.

47. Despite knowledge of the aforementioned incident, the District and/or its employees failed to report these incidents to law enforcement or appropriate authorities, as required under California Penal Code §§ 11164 -11174.3.

48. Pursuant to California Government Code § 815.6, the District is liable for their failure to discharge this mandatory duty imposed by law.

49. Mandatory reporting is a ministerial duty, not a discretionary one, so immunity does not exist under Government Code § 820.2.

50. Pursuant to California Government Code § 815.2, the District is vicariously liable for the negligence of their employees acting within the scope of their employment.

51. As a direct and proximate result of the District and/or its employees failure to report, Plaintiff's recovery was hindered, her trauma was prolonged and she did promptly receive the assistance she needed, and *E.G.* was allowed to continue his harmful behavior unchecked, causing additional harm to Plaintiff.

### THIRD CAUSE OF ACTION
**(Premises Liability – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

52. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

53. At all relevant times, The District, operated, and controlled the premises of Winters High School, including the Ag Site bathroom area.

54. Pursuant to California Government Code § 835, the District is liable for injuries caused by a dangerous condition on public property if:

a) The property was in a dangerous condition at the time of the injury;

b) The dangerous condition created a reasonably foreseeable risk of the type of injury that occurred; and

c) The public entity had actual or constructive notice of the dangerous condition in sufficient time to take measures to protect against it.

55. The placement of a vending machine near the entrance to the Ag Site bathroom created a dangerous condition by obstructing visibility, allowing individuals to trap others in an isolated and unsupervised area.

56. This lack of visibility created a foreseeable and substantial risk of harm, particularly given the history of harassment and general inappropriate conduct from *E.G.* and the close vicinity of the bathrooms.

57. On or about September 26, 2023, this dangerous condition directly facilitated *E.G.* 's assault of Plaintiff by enabling him to trap her in the bathroom without detection. The vending machine's placement prevented school staff and other students from seeing the assault or intervening to protect Plaintiff.

58. The District knew or should have known that the placement of the vending machine created a significant blind spot, especially in front of the bathroom, thereby increasing the risk of harassment, assault, and other harmful conduct in the area.

59. Despite this foreseeable risk, the District failed to take reasonable measures to address the dangerous condition, including:

   a) Relocating the vending machine to a location that did not obstruct visibility;

   b) Installing cameras, mirrors, or other monitoring tools to enhance surveillance of the area;

   c) Monitoring students with a sign out sheet to leave class to use the bathroom;

   d) Limiting the number of students to use the bathroom during class time;

   e) Limiting the time students were allowed to be absent from the class room to use the bathroom during class time; and

   f) Implementing regular staff supervision near the bathrooms to reduce the risk of harm.

1   60. The District's failure to address this dangerous condition directly and proximately caused

2        the harm suffered by Plaintiff, including her assault by *E.G.* .

3   61. As a result of this dangerous condition, Plaintiff suffered physical injuries, emotional

4        distress, and psychological trauma.

5   62. Pursuant to California Government Code § 835, the District is liable for the injuries caused

6        by the dangerous condition on their property.

7                                   **FOURTH CAUSE OF ACTION**
     **(Title IX Violations – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified**
8                             **School District, and Does 1-100)**

9   63. Plaintiff refers to and incorporates by reference each and every allegation contained in the

10       preceding paragraphs of this Complaint.

11  64. The District and/or its employees, violated Title IX, 20 U.S.C. § 1681, by failing to respond

12       appropriately to Plaintiff's reports of sexual harassment and assault, thereby creating a

13       hostile educational environment.

14  65. Based on information and belief District employee, Vice Principal Dawn Strange had notice

15       of the September 8, 2023, incident and showed deliberate indifference by not pursing a Title

16       IX investigation through the appropriate channels.

17  66. Based on information and belief a District employee may have seen *E.G.* slap the buttock

18       of the Plaintiff and showed deliberate indifference by not pursing a Title IX investigation

19       through the appropriate channels.

20  67. Despite being aware of *E.G.* 's repeated harassment and assault of Plaintiff, the District

21       and/or its employees, acted with deliberate indifference by:

22       a) Failing to promptly investigate or take corrective action after the incidents on September

23           8, 2023, and prior incidents of harassment such verbal abuse and inappropriate touching.

b)   Neglecting to implement safeguards to protect Plaintiff from further harm, despite the foreseeable risk posed by *E.G.*

68. The District and/or its employees, deliberate indifference to Plaintiff's safety and wellbeing deprived her of equal access to educational opportunities, as guaranteed under Title IX.

69. As a direct and proximate result of District's and/or its employee's violations of Title IX, Plaintiff suffered physical harm, severe emotional distress, and psychological trauma, which have hindered her ability to fully participate in her education.

**FIFTH CAUSE OF ACTION**
**(Negligence California Education Code Violations – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

70. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

71. The District and/or its employees had a mandatory duty under the California Education Code to ensure the safety and security of students, including Plaintiff.

72. These duties included, but were not limited to:

a)   Education Code § 44807: Requiring the District and/or its employees to exercise proper supervision of students to ensure their safety and prevent harm.

b)   Education Code § 32282: Mandating the development and implementation of a comprehensive school safety plan to protect students from foreseeable risks.

c)   Education Code § 32261: Requiring the District and/or its employees to maintain a safe, secure, and peaceful school environment for all students.

73. The District and/or its employees breached these statutory duties by:

a)   Failing to adequately supervise *E.G.* despite his known behavioral issues, disability, and history of harassment and inappropriate conduct.

b) Failing to implement or enforce a comprehensive school safety plan that addressed the risks posed by *E.G.*'s behavior, including his access to unauthorized areas and possession of a knife.

c) Allowing *E.G.* to create a hostile and unsafe environment, culminating in incidents such as the September 8, 2023, inappropriate touching on the school bus, and the September 26, 2023, sexual assault in the bathroom near the Ag Site.

74. As a result of the District and/or its employees failure to comply with their statutory duties, Plaintiff suffered harm, including harassment, physical pain, emotional trauma, and psychological distress.

75. Pursuant to California Government Code § 815.6, the District is liable for their failure to discharge their mandatory duties under the California Education Code.

76. The District and/or its employees breaches were a substantial factor in causing Plaintiff's injuries, including physical harm, severe emotional distress, and disruption of her academic and social development.

**SIXITH CAUSE OF ACTION**
**(Negligent Retention of *E.G.* as a Student - Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

77. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

78. At all relevant times, the District and/or its employees had a duty to protect students, including Plaintiff, by maintaining a safe educational environment and ensuring the safety and supervision of all students on campus.

79. This duty included identifying and appropriately managing students who posed a known risk to the safety and well-being of others.

1   80. *E.G.*    was a developmentally disabled senior student with a documented history of

2   behavioral issues, including but not limited to harassment, physical aggression, and

3   inappropriate conduct toward other students.

4   81. Despite knowledge of *E.G.*    's behavioral history and the foreseeable risk he posed, the

5   District and/or its employees negligently retained *E.G.*    as a student at Winters High

6   School without implementing adequate safeguards to protect Plaintiff and other students.

7   82. District and/or its employees failure to address *E.G.*    's behavioral issues included, but was

8   not limited to:

9   a)  Allowing *E.G.*    unsupervised access to areas where he could harm other students,

10  including the school bus and the Ag Site bathrooms.

11  b)  Failing to implement, monitor, or enforce an Individualized Education Program (IEP) or

12  Behavior Intervention Plan (BIP) tailored to mitigate *E.G.*    's behavioral risks.

13  c)  Neglecting to assign *E.G.*    to a specialized education setting or provide him with a full-

14  time aide for supervision, despite the severity of his developmental disability and

15  behavioral history.

16  83. Education Code § 32261 requires schools to develop and implement policies that promote a

17  safe and secure school environment, including addressing behaviors that pose risks to

18  student safety.

19  84. Education Code § 32282 mandates the creation and enforcement of comprehensive school

20  safety plans designed to prevent harassment, violence, and other harmful conduct.

21  85. The District and/or its employees failed to comply with these statutory duties by retaining

22  *E.G.*    as a student at Winters High School without taking reasonable steps to ensure the

23  safety of Plaintiff and other students.

86. The District and/or its employees knew or should have known that retaining Garcia without adequate safeguards created a foreseeable risk of harm to Plaintiff and other students.

87. As a direct and proximate result of the District and/or its employees negligent retention of Garcia, Plaintiff suffered physical injuries, severe emotional distress, and ongoing psychological trauma.

88. Pursuant to California Government Code § 815.2, the District and Does 1-100 are vicariously liable for the negligence of their employees acting within the scope of their employment.

### SEVENTH CAUSE OF ACTION
**(Negligence Failure to Provide Mandated Educational Supports – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

89. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

90. At all relevant times, the District and/or its employees had a statutory duty under California Education Code §§ 56040-56043; 56345; 56520; 56521.1; 56302, related code sections, and the Individuals with Disabilities Education Act (IDEA) to identify, assess, and provide appropriate educational supports to students with disabilities, including the creation and implementation of an Individualized Education Program (IEP) and Behavior Intervention Plan (BIP) where necessary.

91. Garcia, a senior student at Winters High School, had known developmental disabilities, and a documented history of behavioral issues that posed a significant risk to the safety and well-being of other students.

92. Based on information and belief despite these known issues the District and/or its employees failed to:

a) Conduct adequate assessments to determine the need for an IEP or BIP or have adequate procedures in place to develop them for the needs of *E.G.*   ;

b) Create an IEP or BIP to address *E.G.*   's behavioral issues;

c) Implement any safeguards or accommodations to mitigate the risks posed by *E.G.*   's behavior.

d) Comply with the educational code requirements for an IEP or BIP.

93. The statutory requirements for IEPs and BIPs exist to protect both students with disabilities and the broader student population from foreseeable harm caused by unaddressed behavioral challenges.

94. Districts failure to comply with these statutory duties directly contributed to the harm suffered by Plaintiff, including *E.G.*   's harassment and sexual assault, which were foreseeable consequences of the District's inaction.

95. As a direct and proximate result of Districts' failure and Does 1-100 to fulfill their statutory duties under the Education Code and IDEA, Plaintiff suffered physical injuries, emotional distress, and psychological trauma.

96. Pursuant to California Government Code § 815.6, the District and Does 1-100, are liable for their failure to discharge their mandatory duties under California Education Code §§ 56040-56043; 56345; 56520; 56521.1; 56302 and other related educational codes.

**EIGHTH CAUSE OF ACTION**
**(Violation of Constitutional Rights Under 42 U.S.C. § 1983 – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

97. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

1    98. At all relevant times, the District and/or its employees, acted under color of state law within

2       the meaning of 42 U.S.C. § 1983.

3    99. Plaintiff had a constitutional right to bodily integrity, safety, and equal protection under the

4       law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

5    100.    The District and/or its employees, acted with deliberate indifference to Plaintiff's

6       constitutional rights by failing to respond appropriately to *E.G.*    's harassment and assault,

7       despite:

8       a)    Repeated reports of *E.G.*    's inappropriate behavior and escalating threats.

9       b)    The foreseeable risk posed by *E.G.*    's unsupervised presence in sensitive areas such as

10          the Ag Site bathrooms.

11      c)    Their knowledge of *E.G.*    's history of behavioral issues, including harassment, physical

12          aggression, and possession of a weapon.

13   101.    Upon information and belief, the District and/or its employees maintained a policy,

14      practice, or custom of deliberate indifference to reports of harassment, assault, and unsafe

15      behavior on campus, which included:

16      a)    Failing to adequately train employees to respond to reports of harassment and assault.

17      b)    Failing to investigate or take corrective action in response to known threats or incidents

18          involving students like *E.G.*    .

19      c)    Ignoring or downplaying student complaints regarding harassment or unsafe conditions

20          on school property.

21   102.    This policy, practice, or custom created a hostile and unsafe environment, depriving

22      Plaintiff of her constitutional right to bodily integrity and equal access to education under

23      the Equal Protection Clause of the Fourteenth Amendment.

103.    Specifically, the District and/or its employees failed to:

a) Investigate or address the incidents on or about September 8, 2023.

b) Investigate or address  incidents on or about September 26, 2023, involving *E.G.*    's harassment and assault of Plaintiff.

c) Investigate or address prior incidents of abuse by *E.G.*    towards the Plaintiff such as slapping her buttocks, spitting on her, and so forth.

d) Implement or enforce policies to safeguard Plaintiff and other students from foreseeable harm.

e) Notify law enforcement or take action to mitigate the risks posed by *E.G.*    's continued presence on campus.

104.    District and/or its employees deliberate indifference and the policy, practice, or custom of ignoring harassment and safety concerns were substantial factors in causing Plaintiff's injuries.

105.    As a direct and proximate result of and/or its employees' actions and omissions, Plaintiff suffered physical harm, severe emotional distress, and ongoing psychological trauma.

106.    Pursuant to 42 U.S.C. § 1983, Plaintiff seeks all available remedies, including compensatory damages for her injuries, attorneys' fees under 42 U.S.C. § 1988, and any other relief the Court deems just and proper.

**NINTH CAUSE OF ACTION**
**(Violation of California Civil Code § 52.1 [Bane Act] – Plaintiff Jane Doe 1 Against Defendants Winters Joint Unified School District, and Does 1-100)**

107.    Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

108.    Under California Civil Code § 52.1, also known as the Bane Act, Plaintiff has the right to be free from interference with her constitutional and statutory rights through threats, intimidation, or coercion.

109.    Plaintiff's constitutional and statutory rights include:

a) The right to bodily integrity and personal safety under Article I, Section 1 of the California Constitution;

b) The right to equal access to educational opportunities under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; and

c) The right to a safe and secure educational environment under California Education Code §§ 32261 and 32282 and other related Education Codes.

110.    The District and/or its employees interfered with Plaintiff's rights through their deliberate indifference to *E.G.*'s harassment, intimidation, and assaultive behavior, which they knew or should have known created an environment of fear, coercion, and vulnerability.

111.    Specifically, the District and/or its employees acted with deliberate indifference by:

a) Failing to address the on or about September 8, 2023, incident, during which *E.G.* inappropriately touched Plaintiff on the school bus;

b) Failing to address incidents in which *E.G.* slapped Plaintiff's buttock, physically intimidated her, and, on another occasion, spat on her;

c) Allowing the on or about September 26, 2023, incident where *E.G.* brandished a knife and sexually assaulted Plaintiff in the Ag Site bathroom to occur;

d) Permitting *E.G.*'s continued presence on campus without appropriate supervision, despite his known history of inappropriate and threatening behavior;

e)  Failing to implement safety measures or take corrective action to prevent further harm to Plaintiff; and

f)  Failing to implement safety measures, such as additional supervision, relocation of the vending machine blocking visibility near the bathroom, or regular staff monitoring, to protect Plaintiff from further harm;

g)  Failing to notify law enforcement or commence a Title IX investigation in response to the incidents involving *E.G.*    .

112.    The District and/or its employees deliberate indifference enabled *E.G.*    's coercive and threatening behavior to persist, creating a hostile educational environment that interfered with Plaintiff's constitutional and statutory rights.

113.    Upon information and belief, District and/or its employees maintained a policy, practice, or custom of ignoring or inadequately addressing harassment, threats, and assault within the school environment, including repeated failures to:

a)  Report incidents of harassment or assault to law enforcement;

b)  Investigate Title IX complaints or create a Title IX-compliant environment; and

c)  Provide training or enforce protocols to ensure student safety and prevent harm.

114.    The District and/or its employees inaction and enabling of *E.G.*    's behavior shows deliberate indifference resulting in coercive outcomes that deprived the Plaintiff of her statutory and constitutional rights and protections.

115.    The District and/or its employees' failures also caused additional coercive outcomes, including fear, distress, and vulnerability, depriving Plaintiff of the full enjoyment of her educational and personal rights.

1   116.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical

2   injuries, severe emotional distress, fear for her safety, and a loss of trust in her educational

3   environment.

4   117.    Pursuant to California Civil Code § 52.1(b), Plaintiff seeks statutory damages,

5   compensatory damages, attorneys' fees, and any other relief the Court deems just and

6   proper.

**TENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress – Plaintiff Jane Doe 1 Against Defendants**
**Winters Joint Unified School District, and Does 1-100)**

9   118.    Plaintiff refers to and incorporates by reference each and every allegation contained in

10  the preceding paragraphs of this Complaint.

11  119.    The District and/or its employees owed Plaintiff a duty of care as a student under their

12  supervision to protect her from foreseeable harm.

13  120.    The District and/or its employees breached this duty by negligently failing to:

14  a)  Monitor *E.G.*    adequately, despite his known history of harassment, aggression, and

15  inappropriate conduct;

16  b)  Respond to and address the incidents of harassment and assault reported on or about

17  September 8, 2023, and September 26, 2023, through appropriate channels, including

18  law enforcement and mandatory reporting obligations; and

19  c)  Implement adequate safety measures, such as enhanced supervision, timely

20  investigations, and intervention protocols, to prevent foreseeable harm to Plaintiff and

21  other students.

22  121.    The District and/or its employees knew or should have known that their inaction and

23  lack of supervision would foreseeably result in severe emotional distress to Plaintiff,

1  particularly given *E.G.*    's behavioral history and the prior incidents of harassment and

2  aggression.

3  122.    As a direct and proximate result of the District and/or its employees' negligence,

4  Plaintiff suffered severe emotional distress, including but not limited to anxiety, nightmares,

5  fear for her safety, and difficulty concentrating in school.

6  123.    Plaintiff's emotional injuries have significantly disrupted her academic performance,

7  social interactions, and overall well-being, necessitating ongoing psychological treatment.

8  124.    Pursuant to California Government Code § 815.2, the District is vicariously liable for the

9  negligence of its employees acting within the scope of their employment.

10  **ELEVENTH CAUSE OF ACTION**
**(Negligence Failure to Train – Plaintiff Jane Doe 1 Against Defendants Winters Joint**

11  **Unified School District, and Does 1-100)**

12  125.    Plaintiff refers to and incorporates by reference each and every allegation contained in

13  the preceding paragraphs of this Complaint.

14  126.    At all relevant times, the District and/or its employees, had a duty to adequately train

15  their employees, staff, and agents to:

16  a)  Respond appropriately to reports of harassment, assault, and unsafe behavior;

17  b)  Supervise students effectively to prevent foreseeable harm;

18  c)  Implement and enforce safety protocols and policies;

19  d)  Comply with Title IX obligations to address and remediate a hostile educational

20  environment; and

21  e)  Fulfill mandatory reporting obligations under California Penal Code §§ 11164-11174.3.

22  127.    The District and/or its employees' breached this duty by failing to provide sufficient

23  training to their employees and staff, including but not limited to:

a) Training on recognizing and addressing harassment and assault;

b) Training on monitoring areas where students congregate, such as the Ag Site bathrooms and school buses; and

c) Training on mandatory reporting requirements under California law.

128. The failure to adequately train employees resulted in deliberate indifference to the safety and wellbeing of students, including Plaintiff.

129. Specifically, the District and/or its employees' failure to train allowed *E.G.* 's harassment, inappropriate touching, and threatening conduct to escalate, culminating in Plaintiff's assault on or about September 26, 2023.

130. The District and/or its employees' lack of training contributed to the creation and perpetuation of a hostile educational environment, depriving Plaintiff of equal access to educational opportunities in violation of Title IX and California Education Code obligations.

131. As a direct and proximate result of District's failure to train their employees, Plaintiff suffered physical harm, severe emotional distress, and ongoing psychological trauma.

132. Pursuant to California Government Code § 815.2, the District is vicariously liable for the negligence of their employees acting within the scope of their employment.

**TWELFTH CAUSE OF ACTION**
**(Negligent Supervision – Plaintiff Jane Doe 1 Against Defendants Alejandra Jimenez, Rosario Garcia and Does 1-100)**

133. Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

1    134.    Defendants Alejandra Jimenez and Rosario Garcia were appointed as conservators of

2         *E.G.*    in Case Number PR2023-0080 via letters of conservatorship signed by Judge

3         Rosenberg of Yolo County on June 23, 2023.

4    135.    As conservators, Defendants Alejandra Jimenez and Rosario Garcia had legal duties

5         under California Probate Code § 2351(a), including the care, custody, and control of Garcia.

6    136.    Defendants Alejandra Jimenez and Rosario Garcia breached their duties by failing to

7         adequately supervise *E.G.*    and prevent him from engaging in the following conduct and

8         omissions:

9         a) Bringing a knife onto school property, which he used to threaten the Plaintiff by

10            cornering her in the bathroom;

11        b) Collaborating with the District to develop a Behavioral Intervention Plan (BIP) or

12            Individualized Education Plan (IEP) for Garcia;

13        c) Ensuring *E.G.*    attended a school that could meet his needs in a manner that prevented

14            him from posing a threat to others.

15   137.    Defendants Alejandra Jimenez and Rosario Garcia knew or should have known of

16        *E.G.*    's propensity to engage in harmful conduct, based on prior incidents and behavioral

17        patterns, including but not limited to:

18        a) Habitually wandering to unauthorized locations, such as unsupervised areas of the

19            school campus;

20        b) Making inappropriate sexualized statements and gestures to females;

21        c) Habitually carrying a knife onto school property and other inappropriate locations,

22            posing a danger to students, including Plaintiff;

23

**COMPLAINT FOR DAMAGES**
24

138.    Defendants Alejandra Jimenez and Rosario Garcia had prior knowledge of *E.G.*'s

behavioral issues, yet failed to take reasonable steps to mitigate the risk he posed to others,

including Plaintiff.

139.    Defendants Alejandra Jimenez and Rosario Garcia breach of their legal duty to supervise

*E.G.* was a substantial factor in causing harm to Plaintiff.

140.    As a direct and proximate result of Defendants Alejandra Jimenez and Rosario Garcia

negligence, Plaintiff suffered physical, emotional, and psychological injuries, including but

not limited to sexual assault, emotional distress, and trauma.

### THIRTEENTH CAUSE OF ACTION
**(Sexual Battery (California Civil Code section 1708.5) – Plaintiff Jane Doe 1 Against
Defendant Esteban Arias Garcia, a Conserved Person, by and through his Conservators,
Alejandra Jimenez and Rosario Garcia and also Defendant        *E.G.*        , as an
individual)**

141.    Plaintiff refers to and incorporates by reference each and every allegation contained in

the preceding paragraphs of this Complaint.

142.    On or about September 8, 2023, while Plaintiff was on a school bus traveling to the Ag

Site, *E.G.*    placed his hand on Plaintiff's knee and moved his hand up her skirt, touching

her private body parts over her underwear without her consent.

143.    On or about September 26, 2023, *E.G.*    cornered Plaintiff in the bathroom at the Ag

Site, used a knife to threaten her, and sexually assaulted her.

144.    *E.G.*    conduct was intentional and done for purposes of sexual arousal, gratification, or

abuse.

145.    *E.G.*'s actions were unwelcome, offensive, and a violation of Plaintiff's bodily

autonomy.

146.    As a direct and proximate result of *E.G.*    's intentional and egregious conduct, Plaintiff

has suffered physical, emotional, and psychological injuries, including but not limited to

PTSD, anxiety, and depression, for which Plaintiff seeks general and special damages,

punitive damages, attorney's fees, and such further relief as the Court deems just and proper.

## FOURTEENTH CAUSE OF ACTION
**(Battery (California Civil Code section 1708) – Plaintiff Jane Doe 1 Against Defendant**
*E.G.*                    **, a Conserved Person, by and through his Conservators, Alejandra**
**Jimenez and Rosario Garcia and also Defendant** *E.G.*               **, as an individual)**

147.    Plaintiff refers to and incorporates by reference each and every allegation contained in

the preceding paragraphs of this Complaint.

148.    *E.G.*    intentionally made harmful or offensive contact with Plaintiff, including but not

limited to slapping her buttocks, rubbing her knee, placing his hand on her private body

parts over her underwear, and physically restraining her in the bathroom where he ultimately

sexually assaulted her at knife point.

149.    These actions occurred on or about September 8, 2023, and on or about September 26,

2023.

150.    *E.G.*    's conduct was deliberate and done with the intent to harm, offend, and violate

Plaintiff's bodily integrity.

151.    Plaintiff did not consent to any of *E.G.*    's actions. Such conduct would offend a

reasonable person's sense of dignity and personal safety. This terrible assault physically,

emotionally, psychologically, and socially harmed Jane Doe 1.

152.    As a direct and proximate result of Defendant's actions, Plaintiff suffered damages,

including but not limited to severe emotional distress, humiliation, anxiety, and ongoing

1   psychological trauma, requiring therapeutic intervention and impacting her overall well-

2   being.

3                    **FIFTEENTH CAUSE OF ACTION**
     **(Assault – Plaintiff Jane Doe 1 Against Defendant** *E.G.* **, a Conserved**
4   **Person, by and through his Conservators, Alejandra Jimenez and Rosario Garcia and also**
                    **Defendant** *E.G.* **, as an individual)**

5   153.   Plaintiff refers to and incorporates by reference each and every allegation contained in

6   the preceding paragraphs of this Complaint.

7   154.   On or about September 8, 2023, *E.G.* intentionally rubbed Plaintiff's knee and moved

8   his hand up her skirt to touch her private body parts, causing her to fear for her safety.

9   155.   On or about September 26, 2023, *E.G.* intentionally cornered Plaintiff in the bathroom

10  at the Ag Site while holding a knife, threatening her and preventing her escape.

11  156.   *E.G.* 's actions created a reasonable and immediate apprehension of harmful or

12  offensive contact in Plaintiff.

13  157.   Plaintiff reasonably feared for her physical safety and bodily integrity as a direct result

14  of *E.G.* 's actions.

15  158.   As a direct and proximate result of *E.G.* 's conduct, Plaintiff suffered severe emotional

16  distress, psychological trauma, and ongoing fear and anxiety.

17                    **SIXTEENTH CAUSE OF ACTION**
     **(False Imprisonment – Plaintiff Jane Doe 1 Against Defendant** *E.G.* **, a**
18  **Conserved Person, by and through his Conservators, Alejandra Jimenez and Rosario**
                    **Garcia and also Defendant** *E.G.* **, as an individual)**

19  159.   Plaintiff refers to and incorporates by reference each and every allegation contained in

20  the preceding paragraphs of this Complaint.

21

22

23

**COMPLAINT FOR DAMAGES**
27

160.    On or about September 26, 2023, *E.G.* unlawfully restrained Plaintiff by cornering her in the bathroom at the Ag Site, brandishing a knife, and refusing to let her leave where he ultimately sexually assaulted her.

161.    *E.G.* 's actions were intentional and without Plaintiff's consent or lawful justification.

162.    Plaintiff reasonably feared for her safety and was unable to escape the situation due to Garcia's actions.

163.    As a direct and proximate result of *E.G.* 's false imprisonment, Plaintiff suffered emotional distress, fear, and trauma.

**SEVENTEENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress – Plaintiff Jane Doe 1 Against Defendant**
*E.G.* **, a Conserved Person, by and through his Conservators, Alejandra**
**Jimenez and Rosario Garcia and also Defendant** *E.G.* **, as an individual)**

164.    Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

165.    *E.G.* engaged in extreme and outrageous conduct, including but not limited to:

a)    On or about September 8, 2023, making inappropriate sexual comments and gestures, touching Plaintiff inappropriately on the school bus, and sexually assaulting her.

b)    On or about September 26, 2023, cornering Plaintiff in the bathroom with a knife, threatening her, and committing sexual assault.

166.    acted intentionally to cause severe emotional distress to Plaintiff.

167.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, including chronic anxiety, persistent fear for her safety, nightmares, and sleep disturbances that disrupted her ability to rest. Plaintiff also experienced difficulty concentrating in school, leading to a decline in academic performance, as well as feelings of

1    humiliation, shame, and emotional isolation from her peers. Furthermore, Plaintiff has

2    required and continues to require ongoing psychological counseling and treatment to address

3    trauma related symptoms and restore her mental health.

4                          **EIGHTEENTH CAUSE OF ACTION**
     **(Negligent Infliction of Emotional Distress – Plaintiff Jane Doe 1 Against Defendant**
5        *E.G.*          **, a Conserved Person, by and through his Conservators, Alejandra**
     **Jimenez and Rosario Garcia and also Defendant**        *E.G.*        **, as an individual)**
6
7    168.    Plaintiff refers to and incorporates by reference each and every allegation contained in

     the preceding paragraphs of this Complaint.
8
9    169.    Defendant    acted negligently by engaging in behavior that he knew or should have

     known would cause Plaintiff emotional distress, including but not limited to inappropriate
10
11   touching, sexual harassment, and threatening behavior on or about September 8, 2023, and

     September 26, 2023.
12
13   170.    *E.G.*   's actions directly and proximately caused Plaintiff to suffer severe emotional

     distress.
14
15   171.    Plaintiff's distress manifested in ongoing anxiety, difficulty sleeping, fear of attending

16   school, and challenges in maintaining her academic performance.

17                          **NINETEENTH CAUSE OF ACTION**
     **(Gender Violence – Plaintiff Jane Doe 1 Against Defendant** *E.G.*          **, a**
     **Conserved Person, by and through his Conservators, Alejandra Jimenez and Rosario**
18                **Garcia and also Defendant**        *E.G.*       **, as an individual)**

19   172.    Plaintiff refers to and incorporates by reference each and every allegation contained in

20   the preceding paragraphs of this Complaint.

21   173.    *E.G.*              intentionally and willfully committed acts of physical violence and

22   sexual aggression against Plaintiff on or about September 8, 2023, and September 26, 2023,

23

---

1    then there was a separate occasion whereby *E.G.*    slapped the Plaintiff's buttock; all these

2    incidents were motivated in part by Plaintiff's gender.

3    174.    Defendant's actions, including sexual harassment, inappropriate touching, and physical

4    assault, were acts of gender violence as defined under California Civil Code § 52.4.

5    175.    Defendant's conduct was committed for the purpose of sexual gratification, humiliation,

6    or domination, and constituted a form of violence motivated by Plaintiff's gender.

7    176.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe

8    emotional and psychological harm, including anxiety, depression, nightmares, academic

9    disruption, and trauma related to her gender identity and safety as a young female student.

10                                         **PRAYER**

11    Plaintiffs demand judgment for:

12    a)    General damages/noneconomic damages, including compensation for physical pain,

13           emotional distress, and psychological trauma, in a sum according to proof against all

14           defendants;

15    b)    Special damages/economic losses, including but not limited to, medical expenses,

16           counseling costs, loss of educational opportunities, and any other incidental expenses,

17           according to proof against all defendants;

18    c)    Statutory damages as provided by law, including under California Civil Code § 52.1 and

19           any other applicable statutes;

20    d)    Attorneys' fees pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, and any

21           other applicable statutes according to proof against the District;

22

23

e) Attorneys' fees pursuant to California Civil Code § 52.4 according to proof against *E.G.*, a conserved person, by and through his conservators, Alejandra Jimenez and Rosario Garcia, and also Defendant *E.G.*, as an individual;

f) Punitive damages against *E.G.*, a conserved person, by and through his conservators, Alejandra Jimenez and Rosario Garcia, and also Defendant *E.G.*, as an individual, in an amount sufficient to punish Defendant and deter such egregious and wrongful conduct in the future, as permitted by California Civil Code § 3294;

g) Costs of suit; and

h) For such other and further relief as the court may deem just and proper.

**JURY DEMAND**

Plaintiff Jane Doe 1, by and through her Guardian Ad Litem Jane Doe 2, hereby demands trial by jury in this action.

DATED: January 6, 2025

By: *Jake Pillard*

JAKE PILLARD
Attorney for Plaintiff

EXHIBIT C2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 1/15/2025 12:34 PM
By: L. Mendoza, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WINTERS JOINT UNIFIED SCHOOL DISTRICT;       *E.G.*       a person
lacking legal capacity, by and through Alejandra Jimenez and Rosario
Garcia, his conservators;        *E.G.*        an individual; ALEJANDRA
JIMENEZ, an individual; ROSARIO GARCIA, an individual and DOES 1-100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JANE DOE a minor, by JANE DOE 2, her Guardian ad Litem

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Yolo County Superior Court
1000 Main Street
Woodland, CA 95695

CASE NUMBER:
*(Número del Caso):*  CV2025-0129

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jake Pillard SBN 333995
Law Office of Jacob Pillard
823 North Street Woodland, CA 95695

DATE:
*(Fecha)*  1/15/2025     SHAWN C. LANDRY     Clerk, by *(Secretario)*  /s/ L. Mendoza     , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Winters Joint Unified School District

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☒ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 416.50
4. ☒ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

CEB
www.ceb.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT C3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jake Pillard SBN 333995<br>Law Office of Jacob Pillard<br>823 North St<br>Woodland CA 95695<br>TELEPHONE NO.: (530) 405-9128  FAX NO. *(Optional):*<br>E-MAIL ADDRESS: jakepillard@gmail.com<br>ATTORNEY FOR *(Name):* Jane Doe | **ELECTRONICALLY FILED**<br>by Superior Court of CA,<br>County of Yolo,<br>on 1/6/2025 11:43 AM<br>By: L. Mendoza, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Yolo
STREET ADDRESS: 1000 Main St
MAILING ADDRESS: 1000 Main St
CITY AND ZIP CODE: Woodland 95695
BRANCH NAME: Civil

CASE NAME:  JANE DOE a minor, by and through JANE DOE 2, her Guardian ad Litem
WINTERS JOINT UNIFIED SCHOOL DISTRICT, et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER CV2025-0129 |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*  a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 1/6/2025

Jake Pillard
(TYPE OR PRINT NAME)          ► *Jake Pillard*
                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
[CEB Essential Forms  ceb.com]  **CIVIL CASE COVER SHEET**  Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

EXHIBIT C4

**[Exempt from payment of filing fees**
**(Government Code § 6103)]**

1  KATHERINE A. ALBERTS, ESQ. (SBN 212825)
2  **LEONE ALBERTS & DUUS**
   A Professional Corporation
3  1390 Willow Pass Road, Suite 700
   Concord, CA 94520-7913
4  Telephone:    (925) 974-8600
   Facsimile:    (925) 974-8601
5  Email: kalberts@leonealberts.com
6
7  Attorneys for Defendant
   WINTERS JOINT UNIFIED SCHOOL DISTRICT

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 2/13/2025 10:20 PM
By: A Sullivan, Deputy

8                 SUPERIOR COURT OF CALIFORNIA
9                      COUNTY OF YOLO
10

| | |
|---|---|
| 11  JANE DOE 1, a minor, by and through JANE DOE 2, her Guardian ad Litem, | Case No.: CV2025-0129 |
| 12 | |
| 13          Plaintiff, | |
| 14      vs. | |
| 15  WINTERS JOINT UNIFIED SCHOOL | **DEFENDANT WINTERS JOINT** |
| 16  DISTRICT; *E.G.*                , a person lacking legal capacity, by and through | **UNIFIED SCHOOL DISTRICT'S** **ANSWER TO COMPLAINT** |
| 17  Alejandra Jimenez and Rosario Garcia, his conservators; *E.G.*                , an | |
| 18  individual; ALEJANDRA JIMENEZ, an individual; ROSARIO GARCIA, an individual, | |
| 19  and DOES 1-100, | Complaint Filed: January 15, 2025 |
| 20          Defendants. | Trial Date: Not Yet Set |
| 21 | |

22      COMES NOW Defendant WINTERS JOINT UNIFIED SCHOOL DISTRICT, and for its

23  answer to the Complaint of Plaintiff JANE DOE 1, by and through her Guardian ad Litem, JANE

24  DOE 2, admits, denies and alleges as follows:

25                      **GENERAL DENIAL**

26      Under the provisions of Section 431.30(d) of the California Code of Civil Procedure,

27  this answering Defendant generally and specifically denies each and every allegation contained

28  in said Complaint.

4

**AFFIRMATIVE DEFENSES**

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that neither the complaint nor any of the alleged causes of action therein state facts sufficient to constitute a cause of action against this answering Defendant.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that said damages complained of were proximately contributed to or caused by the carelessness, negligence, fault or conduct of *E.G.*                    , and/or other persons, not including the Plaintiff herein, corporations or business entities, unknown to this answering Defendant at this time, and were not caused in any way by this answering Defendant, or by persons for whom this answering Defendant is legally liable.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiff failed to mitigate her alleged damages as required by law.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiff failed to comply with the claim provisions of the California Government Code with respect to the timely presentation of a Government Code Claim. Further, Plaintiff's claim, if submitted, differs materially from the allegations contained within the complaint, and as such, said claims not referenced in the Government Code Claim are barred.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that it is immune under the California Government Code with respect to the causes of action set forth in the complaint, in particular, the discretionary immunity provisions contained in Government Code §§ 818.8, 820.2, 822.2 and 815.2(b), as well as those immunities set forth in the California Education Code, including but not limited to Education Code §44808. Specifically, to the extent Plaintiff's claims are based on allegations that this answering Defendant, or its employees

adopted or failed to adopt policies, procedures, rules, regulations, or take any other action involving a policy decision vested in a particular employee or employees, including, but not limited to the hiring or firing of employees, imposing (or failing to impose) discipline on employees or students, and/or decisions regarding the educational placement, program, and services for *E.G.*                    or any other student, the claims are barred by discretionary immunity under Government Code § 820.2.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that each and every cause of action contained within Plaintiff's complaint is barred by the applicable statute of limitations under California law, including, but not limited to, CCP §§ 335.1, 340.1.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that at all times referenced in the complaint Defendant acted in a good faith belief its actions were reasonable under the circumstances and did not violate Plaintiff's rights, and, therefore, this answering Defendant and/or its agents and employees acting within the course and scope of their employment are entitled to absolute and/or qualified immunity. Government Code §§ 820.2 and 821.6.

AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiff's complaint and all actions stated therein are barred by laches and estoppel.

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiff's cause of action for violation of the Fourteenth Amendment pursuant to 42 U.S.C. §1983 is barred by qualified immunity and Eleventh Amendment immunity.

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the intentional tortious and/or criminal conduct of others, including but not limited to *E.G.*

/ / /

*E.G.*                    , was an independent, intervening, and superseding cause of Plaintiff's alleged

damages, which bars recovery against this answering Defendant.

　　　　AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

PLAINTIFF'S COMPLAINT ON FILE HEREIN, this answering Defendant has insufficient

knowledge or information on which to form a belief as to whether it may have additional, as yet

unstated, defenses available and reserves the right to assert additional defenses in the event

discovery indicates that they would be appropriate.

**PRAYER**

　　　　**WHEREFORE**, this answering Defendant prays that Plaintiff takes nothing by her

complaint and that this answering Defendant be dismissed with its costs of suit incurred herein

and for such other and further relief as the Court deems fit and proper.


Dated: February 13, 2025　　　　　　　　　　**LEONE ALBERTS & DUUS, APC**

　　　　　　　　　　　　　　　　　　　　　　　　KATHERINE A. ALBERTS, ESQ.
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　WINTERS JOINT UNIFIED SCHOOL
　　　　　　　　　　　　　　　　　　　　　　　　DISTRICT

DEFENDANT WINTERS JOINT UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT

Re:    **Jane Doe v. Winters Joint Unified School District, et al.**
       **Yolo County Superior Court Case No.:  CV2025-0129**

### PROOF OF SERVICE

I, the undersigned, declare that I am employed in the City of Concord, State of California. I am over the age of 18 years and not a party to the within cause; my business address is 1390 Willow Pass Road, Suite 700, Concord, California.

On February 13, 2025, I served the following documents:

**DEFENDANT WINTERS UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT**

on the following interested party(s) in said cause:

| **COUNSEL FOR PLAINTIFF** | **COUNSEL FOR PLAINTIFF** |
|---|---|
| Jake Pillard, Esq. | Wendy Casas, Esq, |
| Law Office of Jacob Pillard | Law Office Of Wendy Casas |
| 823 North Street | 823 North Street |
| Woodland, CA 95695 | Woodland, CA 95695 |
| Tel: (530) 405-9128 | Tel: (530) 723-5117 |
| Email: jakepillard@gmail.com | Email: wrcasas@woodlandlawoffice.com |

**COUNSEL FOR PLAINTIFF**
Frank J. Crum, Esq.
The Law Office of Frank J. Crum
A Professional Corporation
23898 County Road 103
Woodland, CA 95776
Tel: (530) 668-1515
Email: frank@fjclegal.com

**VIA MAIL - CCP §§ 1013(a), 2015.5**

☐    By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above and placing each for collection and mailing on that date following ordinary business practices.  I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Concord, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐    By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Concord, California.

8

PROOF OF SERVICE

**VIA OVERNIGHT MAIL/COURIER - CCP §§ 1031(c), 2015.5**

☐   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service, or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence/documents for overnight mail or overnight courier service, and that it is to be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**VIA FACSIMILE - CCP §§ 1013(e), CRC 2008**

☐   By arranging for facsimile transmission from facsimile number 925-974-8601 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted via facsimile to the designated numbers in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error.

**VIA ELECTRONIC MAIL TRANSMISSION - CCP §1010.6**

☒   By electronic transmission via email to the authorized electronic service address(es) listed above.

**VIA HAND-DELIVERY - CCP §§ 1011, 2015.5**

☐   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day by D&T SERVICES in the ordinary course of my firm's business practice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 13, 2025, at Concord, California.

_____
KATHERINE ALEXANDER

EXHIBIT C5

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF YOLO**<br>1000 MAIN STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | *For Court Use*<br><br>ELECTRONICALLY FILED<br>by Superior Court of CA,<br>County of Yolo,<br>on 1/6/2025 11:43 AM<br>By: L. Mendoza, Deputy |
| JANE DOE 1 a minor, by and through JANE DOE 2,<br>her Guardian ad Litem,<br>                   Plaintiff,<br>      **vs.**<br>WINTERS JOINT UNIFIED SCHOOL DISTRICT; *E.G.*       , a<br>person lacking legal capacity, by and through Alejandra Jimenez and Rosario Garcia, his<br>conservators; *E.G.*            an individual; ALEJANDRA JIMENEZ, an<br>individual; ROSARIO GARCIA, an individual and DOES 1-100,<br>                    Defendants | **Case:**CV2025-0129 |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | |

NOTICE TO ALL APPEARING PARTIES AND THEIR ATTORNEYS:

Notice is hereby given that the above-entitled action has been set for a Case Management
Conference on   5/5/2025   at   9AM   in Department 11 TBD   .

The plaintiff shall serve the Notice of Case Management Conference on each defendant with the
complaint.

You must file a Case Management Statement 15 days prior to the above date.

Date: 01/06/2025

                               SHAWN C. LANDRY, COURT EXECUTIVE OFFICER
                               /s/ L. Mendoza
                                     L. MENDOZA    , Deputy Clerk

EXHIBIT C6

# ALTERNATIVE DISPUTE RESOLUTION

# Information Sheet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Yolo County Superior Court strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

| | | | |
|---|---|---|---|
| Arbitration | Mediation | Neutral Evaluation | Mini-trials |
| Settlement Conferences | Private Judging | Negotiation, and | Hybrids of these |

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### What are the advantages of using ADR?

ADR, particularly mediation, can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.
- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)
- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.
- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.
- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

EXHIBIT C7



**SUPERIOR COURT**
Of the State of California for the
**County of Yolo**
1000 Main Street, Woodland CA 95695
(530)406-6705
Civil Division

**Date: 02/14/2025**


**RE: CV2025-0129**

Dear Sir/Madam,

In response to your request for a **Civil Records Search**:


_____ Please send a check or money order in the amount of $_____

_____ We have searched our Adult records and cannot locate any reference to the above named individual/defendant.

_____ Records purged—over 10 years old and have been destroyed. (Misdemeanor)

_____ Enclosed is your check #_____ in the amount of $_____

_____ We need further information.  For example; date of violation, date of birth, case number, etc.

\_\_**XX**\_\_\_\_ Other: PER CONFIDENTIAL ORDER SIGNED BY JUDGE ON 01/31/2025, THE CASE IS UNDER SEAL AND THE ORDER PROHIBITS ANY OTHER PERSON OTHER THAN THE COURT TO SEE THE DOCUMENTS


Sincerely,

A.SULLIVAN, Deputy Clerk