UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINTERS JOINT UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-00608-DC-CSK<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 10) |

　　　　The Court has reviewed the parties' stipulated protective order below (ECF No. 10),[1] and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

　　　　The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated:  June 20, 2025

　　　　　　　　　　　　　　　　　　　　　　/s/ Chi Soo Kim
　　　　　　　　　　　　　　　　　　　　　　CHI SOO KIM
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

5, doe.0608.25

---

[1] The parties initially attached the stipulated protective order to the joint status report filed at ECF No. 9. Pursuant to the Court's request, Plaintiff Jane Doe 1 refiled the stipulated protective order separately at ECF No. 10.

JAKE PILLARD, SBN 333995
LAW OFFICE OF JACOB PILLARD
823 NORTH STREET
WOODLAND, CA 95695
Telephone: 530-405-9128
Facsimile: 530-666-5530
Email: jakepillard@gmail.com

FRANK J. CRUM, SBN 155125
A PROFESSIONAL CORPORATION
23898 County Road 103
WOODLAND, CA 95776
Telephone: 530-668-1515
Facsimile: 530-668-1651
E-mail: frank@fjclegal.com

Attorney for Plaintiff, Jane Doe 1, a minor

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE 1 a minor, by and through JANE DOE 2, her Guardian ad Litem, <br><br> Plaintiff, <br><br> vs. <br><br> WINTERS JOINT UNIFIED SCHOOL DISTRICT; ESTEBAN ARIAS GARCIA, a person lacking legal capacity, by and through Alejandra Jimenez and Rosario Garcia, his conservators; ESTEBAN ARIAS GARCIA, an individual; ALEJANDRA JIMENEZ, an individual; ROSARIO GARCIA, an individual and DOES 1-100, <br><br> Defendants. | Case Number: 2:25-at-00246 <br><br> **STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL DISCOVERY MATERIAL** |

1. **PURPOSES AND LIMITATIONS**

    1.1. The parties recognize that discovery in this action is likely to involve the production of highly sensitive, confidential, or private information, including but not limited to student educational records, psychological records, personnel files, and other personal

2

or protected records. In light of the sensitive nature of the information at issue, and to protect the privacy interests of third parties and the parties themselves, the parties stipulate and agree that all documents, information, and tangible items produced in discovery in this matter shall be treated as confidential under the terms of this Protective Order.

1.2. This Order facilitates the efficient exchange of discovery while safeguarding certain sensitive material from public disclosure. The parties acknowledge that this Order does not affect the admissibility or use of discovery in court proceedings, including hearings and trial. However, any Party seeking to file Protected Material in the public record must comply with Section 11.3.

2. **DEFINITIONS**

2.1. Protected Material: All documents, information, testimony, audio recordings, video recordings, writings, tangible items, electronically stored information, and any other materials produced or exchanged in discovery in this action, except for materials that are otherwise part of the public record.

2.2. Receiving Party: A Party that receives Protected Material.

2.3. Producing Party: A Party or Non-Party that produces Protected Material.

2.4. Counsel: Attorneys representing a Party, including Outside Counsel of Record and House Counsel, and their staff.

2.5. Expert: A person with specialized knowledge retained to serve as an expert or consultant in this litigation.

2.6. Non-Party: Any person, entity, or organization that is not named as a Party in this action but produces or is requested to produce documents, information, or materials in discovery.

2.7. Party: A named party to this action, including its Officers, directors, partners, members, employees, agents, attorneys, and consultants.

3. **SCOPE**

3.1. This Order applies to all Protected Material, and to any copies, excerpts, summaries, or compilations thereof. However, nothing in this Order restricts any Party from discussing their own experiences, or Counsel from discussing either their own experiences or those of their client, including the underlying facts of the case, information contained in publicly filed pleadings or court orders, or information disclosed in any public court proceeding. The restrictions of this Order apply only to materials exchanged in discovery that are not otherwise part of the public record.

3.2. Protected Material may be used only for prosecuting, defending, or attempting to settle this litigation, including in depositions, court filings, motions, hearings, and trial, subject to the Federal Rules of Evidence, the Local Rules, and applicable orders of the Court.

3.3. Public filing of Protected Material is governed by Civil Local Rule 141 (See Section 11.3). However, nothing in this Order shall be construed to restrict a Party from offering Protected Material into evidence at hearings or trial, or otherwise affect the admissibility of Protected Material, subject to the Court's evidentiary rulings.

4. **DURATION**

4.1. This Order shall survive final disposition of this action and remain in effect unless otherwise ordered by the Court or agreed by the parties in writing.

5. **DESIGNATING PROTECTED MATERIAL**

All Protected Material, as defined in Section 2.1, shall automatically be treated as confidential under this Order without the need for any individual designation or marking unless otherwise provided for herein.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1. Protected Material may be disclosed only to the following persons, and only to the extent reasonably necessary, in the discretion of Counsel, for this litigation:

6.1.1. Attorneys of record for the Parties, and their affiliated attorneys, paralegals, clerical staff, and secretarial staff actively involved in this litigation.

6.1.2. In-house counsel for the Parties, and their paralegals, clerical staff, and secretarial staff; provided that any non-lawyer given access to Protected Material shall be advised of this Protective Order and agree to be bound by its terms.

6.1.3. Officers, directors, partners, members, employees, agents (including private investigators) and consultants of the Parties whom Counsel deems necessary to assist in the prosecution, defense, or settlement of this litigation; provided that prior to disclosure, Counsel shall provide a copy of this Protective Order to such individuals, explain its terms, and secure the individual's signature on the Acknowledgment and Agreement to Be Bound attached as Exhibit A.

6.1.4. Court reporters, videographers, and their staff engaged for depositions, hearings, or other proceedings in this litigation.

6.1.5. Outside experts or consultants retained by the Parties or their Counsel to assist in this litigation, whether or not retained to testify; provided that before any disclosure, the expert or consultant shall be provided with a copy of this Protective Order, its terms shall be explained, and the expert or consultant shall sign the Acknowledgment and Agreement to Be Bound attached as Exhibit A.

6.1.6. Witnesses in depositions, hearings, or trial, as reasonably necessary for this litigation.

6.1.7. The Court and its personnel.

6.1.8. Any other person agreed to in writing by all Parties to this Protective Order.

6.2. Protected Material must be stored and maintained in a secure manner that limits access to the persons listed above.

6.3. Counsel who disclose Protected Material to any individual under Section 6.1 shall be responsible for informing that individual of the obligations under this Protective Order and obtaining the executed Acknowledgment and Agreement (Exhibit A) to be bound where required.

7. **SUBPOENAS OR COURT ORDERS IN OTHER LITIGATION**

7.1. If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Protected Material, the Receiving Party must promptly:

    7.1.1. Notify all Parties in writing, including providing a copy of the subpoena or court order;

    7.1.2. Notify the party who caused the subpoena or order to issue that the materials are subject to this Protective Order; and

    7.1.3. Cooperate with all reasonable efforts to maintain the confidentiality of the Protected Material.

7.2. If any Party wishes to seek a protective order or other relief to prevent or limit disclosure, it shall bear the burden and expense of seeking protection in the issuing court. Unless prohibited by applicable law or court order, the Receiving Party shall not produce Protected Material until the Party seeking protection has had a reasonable opportunity to seek a court ruling.

**8. NON-PARTY MATERIAL**

8.1. The terms of this Order are applicable to Protected Material produced by a Non-Party in this action. Such Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions shall be construed as prohibiting a Non-Party from seeking additional protections from the Court.

8.2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to a confidentiality obligation restricting disclosure, then the Party shall:

    8.2.1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the Protected Material requested is subject to confidentiality obligations;

    8.2.2. Promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the Protected Material requested; and

    8.2.3. Make the Protected Material requested available for inspection by the Non-Party.

8.3. If the Non-Party fails to object or seek a protective order from the Court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any Protected Material in its possession or control before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court for its Protected Material.

9. **UNAUTHORIZED DISCLOSURE**

   9.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify all Parties of the unauthorized disclosure in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the unauthorized recipient of the terms of this Protective Order, and (d) request that the unauthorized recipient execute the Acknowledgment and Agreement to Be Bound attached as Exhibit A.

10. **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

    10.1. If a Producing Party gives notice to Receiving Parties that certain material produced in discovery is subject to a claim of privilege or other protection, the Receiving Parties must comply with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision does not modify any procedures that may be established in an e-discovery order providing for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties may incorporate into this Protective Order any agreement they reach regarding the effect of disclosure of privileged or protected information.

11. **MISCELLANEOUS**

    11.1. Right to Further Relief: Nothing in this Order limits a Party's right to seek modification by the Court.

11.2. Right to Assert Other Objections: This Order does not waive any objections to discovery or use of Protected Material.

11.3. Filing Protected Material: A Party that seeks to file Protected Material with the Court must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific material at issue. The Parties must act in Good Faith in bringing motions under Civil Local Rule 141. The Court will issue a sealing order only upon a request establishing that the material is entitled to protection under the law. If the Court denies a request to seal Protected Material, the Party may file the material in the public record without violating this Protective Order unless otherwise ordered by the Court.

11.4. Agreement To Remove Protection: The Parties may agree in writing that specific Protected Material shall no longer be subject to the protections of this Order, including the sealing requirements stated in section 11.3. Upon such written agreement, this Protective Order shall no longer apply to the agreed-upon material.

11.5. The Court retains jurisdiction to enforce the terms of this Protective Order.

**12. FINAL DISPOSITION**

12.1. Within 60 days of final disposition of this action, each Receiving Party must return or destroy all Protected Material, except that Counsel may retain archival copies of pleadings, motions, transcripts, exhibits, and other filings, which remain subject to this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: June 14, 2025                    /s/ JAKE PILLARD

---

ATTORNEY FOR PLAINTIFF
JANE DOE 1 a minor, by and through
JANE DOE 2, her Guardian ad Litem


DATED: June 10, 2025                    /s/ KATHERINE A. ALBERTS,

8

_____
ATTORNEY FOR DEFENDANT
DEFENDANT WINTERS JOINT UNIFIED SCHOOL DISTRICT

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____[date] in the case of Jane Doe 1, a minor, by and through Jane Doe 2, her Guardian ad Litem v. Winters Joint Unified School District et al ("2:25-at-00246").  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____