UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, | No. 2:25-cv-00608-DC-CSK |
| Plaintiff, | ORDER FOR SUPPLEMENTAL BRIEFING ON PLAINTIFF'S REQUEST TO SEAL DOCUMENTS |
| v. | |
| WINTERS JOINT UNIFIED SCHOOL DISTRICT, et al., | (Doc. No. 26) |
| Defendants. | |

On March 3, 2026, Plaintiff Jane Doe 1, a minor, by and through her guardian *ad litem* Jane Doe 2, filed a request to file under seal an unredacted version of the parties' stipulated motion for leave for Plaintiff to file a first amended complaint and the unredacted version of the proposed first amended complaint that the parties attach as an exhibit to their stipulated motion. (Doc. No. 26.) Thus, Plaintiff's request to seal is also necessarily a request to file under seal the amended complaint, in the event the court grants the parties' stipulated motion. Defendant Winters Joint Unified School District ("the District") did not submit an opposition to Plaintiff's request to seal. For the reasons explained below, the court will order Plaintiff to provide supplemental briefing on her request.

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-

1

established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such as a complaint and exhibits thereto, where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)."In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

In her request, Plaintiff represents that sealing the unredacted stipulation and first amended complaint is necessary because her proposed unredacted first amended complaint "contains confidential educational records and behavioral information relating to students, including records protected under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and related state law protections." (Doc. No. 26 at 2.) Plaintiff has not identified what related state law protections are at issue in her request to seal.

After reviewing the unredacted proposed first amendment complaint, it is clear Plaintiff has not narrowly tailored her request to seal as required. *See Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. 10-cv-03738-AB-CW, 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) ("[A]n order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed.") (collecting cases).

Here, Plaintiff has not identified what specific educational and behavioral information needs to be protected from public disclosure in her request. Instead, Plaintiff has provided the court a redacted and unredacted copy of her proposed first amended complaint leaving the court to guess what information Plaintiff believes constitutes confidential educational records and/or behavioral information relating to Plaintiff and/or other students. This lack of clarity is exacerbated by Plaintiff's decision to redact information from her proposed first amended

2

complaint that plainly does not involve confidential educational records and behavioral information relating to students. For example, information concerning Vice Principal Dawn Strange,  proposed Defendant Charter Bus 916 LLC, the general layout and features of Winters High School, the District's actions, and Defendant E.G.'s general conduct that gave rise to this case. Plaintiff has not provided any justification for why these proposed redactions are relevant and necessary to her request to seal.

Additionally, Plaintiff has not provided the court compelling reasons to support her request to seal. As noted above, Plaintiff contends the information contained in her proposed unredacted first amended complaint involves educational records and behavioral information relating to students that needs to be protected. (Doc. No. 26 at 2.) Plaintiff cites to FERPA in support of her request, which prohibits federal funding of an education institution that "has a policy or practice of releasing, or providing access to, any personally identifiable information in education records" without the written consent of the student, a lawfully issued subpoena, or a judicial order. 20 U.S.C. § 1232g(b)(2). The term personally identifiable information means information such as names, birthdates, social security numbers, and "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3. Requests to redact personal information of students "is a common, and indeed mandated, practice under FERPA." *Smith v. McMurray*, No. 25-cv-00052-DCN, 2025 WL 2280558, at *10 (D. Idaho Aug. 8, 2025). Here, it is not clear what information Plaintiff is asserting is protected under FERPA.

Accordingly, Plaintiff shall file a supplemental brief parsing out what specific allegation/information in the proposed amended complaint is protected as an educational record and/or behavioral information, and the specific authority that supports the request to seal the record and/or information. Plaintiff should make clear how the specific allegation qualifies as a protected educational or behavioral record. If the request to seal relates to an allegation that does not fall into the category of educational records and/or behavioral information, the Plaintiff shall note that fact in the supplemental brief and provide authority supporting the request to redact that

3

information. The motion will remain pending.

Accordingly,

1.    Plaintiff's request to seal (Doc. No. 26) remains pending; and

2.    Within seven (7) days of the date of entry of this order, Plaintiff shall file a supplemental brief to address the deficiencies identified above.

IT IS SO ORDERED.

Dated:    **July 2, 2026**

Dena Coggins
United States District Judge