UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, et al.,<br>Plaintiffs,<br>v.<br>WINTERS JOINT UNIFIED SCHOOL DISTRICT, et al.,<br>Defendants. | No. 25-cv-00608-DC-CSK<br><br>ORDER GRANTING REQUESTS TO SEAL<br>(Doc. Nos. 39, 40) |

At the status conference held on September 11, 2026, the court ordered: (1) Plaintiff to file redacted versions of the joint status report (Doc. No. 9) and Plaintiff's objections to the November 7, 2025, scheduling order (Doc. No. 24) to remove Defendant E.G.'s full name; (2) Plaintiff to file a request to seal the aforementioned documents; (3) the parties to review the docket to identify any additional documents containing Defendant E.G's full name; and (4) the parties to file sealing requests for any additional documents containing Defendant E.G's full name. (Doc. No. 33.) On September 18, 2026, Plaintiff Jane Doe 1 filed two notices of request to seal documents in response to this court's order. (Doc. Nos. 33, 39, 40.) Defendant Winters Joint Unified School District ("Defendant School District") did not submit any opposition to these requests to seal. For the reasons explained below, the court will grant Plaintiffs' requests to seal.

"Historically, courts have recognized a general right to inspect and copy public records

and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation modified). "Nonetheless, access to judicial records is not absolute." *Id.* The court must "conscientiously balance the competing interests of the public" with privacy interests, and "if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1178–79 (citation modified). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation modified). "Examples include when a court record might be used to gratify private spite or promote public scandal, [or] to circulate libelous statements." *Id.* (citation modified).

Here, Plaintiff brings serious allegations against Defendant E.G., who is a person lacking legal competency and who has not appeared in this action. Given Defendant E.G.'s lack of legal capacity and lack of appearance in this action, the sensitivity of the personal information Plaintiff seeks to plead against Defendant E.G., and the lack of objection by the parties to the proposed sealing, the court finds there to be a compelling interest to seal documents that contain Defendant E.G.'s full name and to permit refiling of those documents with Defendant E.G.'s name redacted. Permitting such redactions will safeguard the privacy interests of a person lacking legal capacity as well as the public's "general right to inspect and copy public records" and "keep[] a watchful eye on the workings of" this court. *See Kamakana*, 447 F.3d at 1178 (citation modified). Thus, the court will grant Plaintiff's requests to seal.

In addition, upon the court's own review of the docket, the court has identified two other documents that contain Defendant E.G.'s full name, specifically the attachment to the notice of removal (Doc. No. 1-1) and the proof of service of the stipulated protective order (Doc. No. 11). Accordingly, the court will direct the Clerk of the Court to seal those documents, direct Defendant School District to file a redacted version of the attachment to the notice of removal, and direct Plaintiff to file a redacted version of the aforementioned proof of service. The parties are further reminded that they shall use Defendant E.G.'s initials in future court filings and redact Defendant E.G.'s full name in any supporting documentation that the parties file on the docket.

Accordingly,

1. Plaintiff's requests to seal (Doc. Nos. 39, 40) are GRANTED;

2. Within three (3) days of the date of entry of this order, Plaintiff is ordered to file redacted versions of the following documents: Doc. Nos. 6, 10, 11, 19, 22, 26, 27, and 30;

3. Within three (3) days of the date of entry of this order, Defendant School District is ordered to file a redacted copy of Document No. 1-1; and

4. The Clerk of the Court is directed to seal the following documents: Doc. Nos. 1-1, 6, 10, 11, 12, 19, 22, 26, 27, and 30.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dena Coggins
United States District Judge